**L. C. GERREN, Plaintiff in Error, vs. THE HANN. & ST. JOE. R. R. Co., Defendant in Error.**

1. *Damages—Liability of railroads for stock killed on unfenced track in unincorporated towns.*—A railroad company will not be liable, without proof of negligence, for the killing of stock along the line of its road where it passes through a town which has been properly platted and recorded and laid out into lots and blocks, and streets crossing the track, which have been dedicated as public highways, notwithstanding that the road, at the point of the disaster, is unfenced. And it would make no difference in such case whether the town is incorporated or not. But the rule would be otherwise where the town exists only on paper and has no streets which are opened or used.

2. *Damages—Suit against railroad for—Suit after non-suit must be brought, when.*—Under § 5 of the Damage act (Wagn. Stat., 520), the new suit brought against a railroad, after non-suit, must be commenced within one year after the date of the injury. Section 19 of the chapter concerning Limitations (Wagn. Stat., 919,) authorizing the commencement of a new action within a year from date of non-suit, has no application to causes, the time for bringing which is not "prescribed" by that chapter (§ 19), but otherwise limited. (*Id.*, § 26.)

## Error to Linn Circuit Court.

*Mullins & Burgess,* for Plaintiff in Error.

I. Meadville was not incorporated, nor were the stock killed at a public crossing or highway, but were killed where the road was not fenced. (Iba vs. The Hann. & St. Joe. R. R. Co., 45 Mo., 472, 473 ; Wagn. Stat., 310, 311, § 43.)

II. Plaintiff's cause of action was not barred at the time of the commencement of this suit. (Wagn. Stat., 919, § 19 ; Shaw vs. Pershing 57 Mo., 416.)

*Carr & Leach,* for Defendant in Error.

I. Defendant was under no legal obligation to fence its track where plaintiff's stock was killed, viz: in the town of Meadville. (Meyer vs. I. M. R. R., 35 Mo., 352 ; Lloyd v. Pac. R. R., 49 Mo., 199 ; Iba vs. Hann. & St. Joe. R. R., 45 Mo., 473 ; Ellis. vs. Pac. R. R., 48 Mo., 232 ; Wagn. Stat., § 43, art. II, ch. 37 ; Hallman vs. R. R., 2 E. D. Smith, 257 ; Bowman vs. R. R., 37 Barb., 516 ; Ill. Cent. R. R. vs. Goodwin, 30 Ind., 117 ; Great W. R R vs. Morthland, 30 Ills., 451 ; Galena & C. R. R. vs. Griffin, 31 Ill., 303 ; Wier vs.

St. L. & I. M. R. R. Co., 48 Mo., 558; Lloyd vs. Pac. R. R. Co., 49 Mo., 20.) The case of Iba vs. Hann. & St. Joe. R. R. Co., 45 Mo., 472–3, cited by plaintiff's counsel is not a parallel case. Iba's cow was killed in a town made such only by a paper plat; and no streets were near where the accident happened. In the case at bar, all of plaintiff's stock was killed between streets, and these streets crossed the railroad at right angles and were used daily by the public.

II. The action was not commenced within one year after the cause accrued. (Wagn. Stat., 521, ch. 43, § 6; Kennedy vs. Burrier, 36 Mo., 128; Coover vs. Moore, 31 Mo., 574.)

III. Plaintiff took a voluntary non-suit which act did not stop the statute of limitation from running. (Riddlesbarger vs. Hartf. Ins. Co., 7 Wal., 386.)

The renewal of the suit within one year after taking the voluntary non-suit is not within the intent of § 19 of the statute of limitations. The word "suffers" implies *ex vi termini*, an involuntary non-suit. Any other construction would permit an endless repetition of lawsuits.

VORIES, Judge, delivered the opinion of the court.

This action was brought before a justice of the peace, on the 20th day of July, 1872, under the fifth section of the act of the General Assembly concerning "Damages and Contributions" to recover damages for the killing of certain stock of plaintiff, by the cars used on the defendant's railroad, at a point on said railroad where the same was not fenced.

The section of the statute under which the action was brought is as follows: "§ 5. When any animal or animals shall be killed or injured by the cars, locomotive or other carriage, used on any railroad in this State, the owner of such animal may recover the value thereof, in an action against the company or corporation running such railroad, without any proof of negligence, unskillfulness or misconduct, on the part of the officers, servants or agents of such company; but this section shall not apply to any accident occurring on any portion of such road that may be inclosed by a lawful fence, or in the crossing of any public highway."

The sixth section of the act provides that "every action instituted by virtue of the preceding sections of this chapter shall be commenced within one year after the cause of such action shall accrue." (Wagn. Stat., 520.)

The cause of action filed by the plaintiff before the justice has four counts: one for the value of a cow alleged to have been killed by the defendant on the 8th day of May, 1871; one for the value of two hogs; and the other two counts each for the value of one hog killed on different days, the last killing being charged to have been done on the 13th day of June, 1871. This suit was commenced in July 1872.

The different counts in the petition were in the usual form, and bring the cause of action stated within the language of the statute.

The plaintiff recovered a judgment before the justice for $37. From this judgment the defendant appealed to the Linn Circuit Court, where, upon a trial, a new judgment was rendered in favor of the defendant.

The plaintiff filed a motion for a new trial setting forth the usual causes. The court overruled said motion and rendered a final judgment in favor of the defendant.

To this action of the court the plaintiff excepted and filed his bill of exceptions and has appealed to this court.

It is shown by the evidence in the case that at the time named in the petition, at the town of Meadville, a locomotive and train of cars belonging to defendant, when approaching the defendant's depot at said town from the east, ran over and killed a cow belonging to the plaintiff worth twenty dollars; that the cow was killed at a point on defendant's railroad, about eighty yards east of the defendant's depot at said town, and where the road was not fenced. The cow was killed in the day time by a passenger train; that there was no street or public crossing where the cow was killed.

The evidence further shows that the part of the town where the cow was killed was laid off into streets, blocks and lots, and that the town contained about three or four hundred inhabitants.

The same evidence was given in reference to the killing of the hogs named in the three other counts in the petition, except that the hogs were killed a short distance east of the place where the cow was killed, and that the last of the hogs was killed on the 13th of June, 1871, and that all were killed within the town limits of the town of Meadville, and that the town had never been incorporated.

It was admitted by the defendant, by its attorney, that within six months after the cow and hogs were killed, plaintiff commenced his suit against defendant before E. D. Harvey, a justice of the peace, within and for Parson's Creek Township, Linn County, Missouri, for damages for killing said stock, and that after judgment the case was taken by appeal to the Common Pleas Court of Linn county, and that at the May Term of said court, for the year 1871, plaintiff took a voluntary non-suit.

At the close of the evidence the plaintiff asked the court to give the jury the following instruction : "If the jury believe from the evidence that defendant, by its servants or agents, ran its engines or cars over, on, to or against plaintiff's cow and killed her at Parson Creek Township, in Linn County, Missouri, at a point on its road where the same was not fenced, and where there was no public street or crossing, they are bound to find for the plaintiff on the first count in the complaint ; and in this case it makes no difference whether the cow was killed in the town of Meadville or not, provided they further believe that said town was not incorporated at that time."

A similar instruction to the one just copied was asked for as to the three other counts in the plaintiff's cause of action. All of these instructions were refused by the court and the plaintiff excepted.

The court then at the request of the defendant, instructed the jury as follows: "1st. If the jury believe from the evidence that the stock sued for was killed in the town of Meadville, where the adjacent land is laid out into blocks, lots, streets and alleys; that said streets cross the railroad at right

angles, and that said stock was killed between said streets they will find for the defendant." "2nd. If the jury believe from the evidence that the stock sued for was killed in immediate vicinity of a railroad depot, not more than seventy-five or eighty yards distant from the depot, and that twenty yards of the space was a public road, and that it was necessary for the transaction of business with the public, and for its convenience in the reception and discharge of freight and passengers that such space should be left open, they will find for the defendant." "3rd. If the jury believe from the evidence that the stock sued for was killed within the platted and recorded limits of the town of Meadville, where the same is laid off into lots and blocks, intersected by streets and highways dedicated to public use, they will find for defendant." "4th. Unless the jury find from the evidence that the action was commenced before the justice of the peace from whose judgment the appeal was taken, within twelve months next after plaintiff's cow or hogs were killed, they are bound to find for the defendant."

To the giving of these instructions by the court the plaintiffs objected and excepted.

It is first insisted in this court, by the plaintiff, that the court erred in refusing to give the jury the first instruction asked for by plaintiffs. It is assumed by said instruction that the defendant in order to save itself from the operation of the statute, under which the suit is brought, which makes railroad companies liable for animals killed on the road without any proof of negligence, etc., must show that its road is fenced even in a town or village where the land is laid out in blocks and lots, and into streets and alleys for public use, provided the town or village is not incorporated.

We do not think that this is a proper construction of the law as decided by this court. Whenever the land is regularly laid out into lots, blocks and streets, the streets crossing the railroad, which streets have been dedicated to public use as public highways, it would be unlawful for the railroad company to fence up the streets in such a town; and it would

make no difference in such case whether the town so laid out into streets, etc., was incorporated, or not. It has been held by this court that the statute under which this action was brought did not apply to cases where animals were killed in such places; but it would be otherwise where the town was merely a town on paper and had really no streets which were opened or used. It is true that in the case of Iba vs. The Hann. & St. Jos. R. R. Co., 45 Mo., 469, the learned judge delivering the opinion of the court, seems to lay some stress on the fact that the town had become disincorporated by non-user; but it is clear from other cases that whether the town is incorporated or not could or might make no difference. (Meyer vs. North Mo. R. R. Co., 35 Mo., 352; Weir vs. St. L. & I. M. R. R. Co., 48 Mo., 558.)

It is also objected by the plaintiff that each of the instructions given in favor of the defendant was improper, and that therefore the judgment should be reversed.

There is no doubt about the correctness of the first instruc tion given for the defendant, if it was clear from the evidence that the town had been platted and recorded, as the statute provides, so as to dedicate the streets to public use.

The second instruction is a mere abstraction having no evidence even tending to support it.

The third instruction assumes that there was evidence tending to prove that the stock of plaintiff was killed in the platted and recorded limits of the town of Meadville, and that the streets, etc., were dedicated to public use, etc. There was no evidence in the case to show that any plat of said town had ever been made and recorded. The instruction was therefore for that reason wrong.

The question, however, is, did, or could, these instructions do the plaintiff any injury? If the fourth instruction given on the part of the defendant was proper, the judgment must necessarily have been for the defendant regardless of anything that could have been found by the jury upon the matters contained in the other instructions. By the fourth instruction the jury are told that unless this action was commenced with-

in twelve months after the killing of the cow and hogs, complained of by the plaintiff, they must find for the defendant.

The sixth section of the act under which this action was brought, provides that "every action instituted by virtue of the preceding sections of this chapter, shall be commenced within one year after the cause of action accrued." It is not denied by the plaintiff that more than one year elapsed from the time his stock was killed to the bringing of this suit; but he claims and it is admitted on the record that plaintiff sued for the same injuries within six months after the injuries were committed, and that after said suit had been for some time prosecuted and appealed from a justice's court to a higher court, he suffered a non-suit, and that this suit was brought in less than one year after such non-suit.

The plaintiff insists that by virtue of the 19th section of the second article of the statute concerning the limitation of actions, he had a right to bring a new action at any time within a year after said non-suit was suffered. The 19th section of said act provides that, if any action shall have been commenced within the times respectively prescribed in this chapter, and the plaintiff therein suffer a non-suit, etc., such plaintiff may commence a new action from time to time within one year after such non-suit suffered, etc. (Wagn. Stat., 919.)

By the 26th section of the same statute, it is provided as follows: "The provisions of this chapter shall not extend to any action which is, or shall be, otherwise limited by any statute; but such action shall be brought within the time limited by such statutes.

It will be seen from the above quoted statutes, that the 19th section of our general limitation law has no application to an action brought under the fifth section of the Damage act; but that the action of the plaintiff was required to be brought in the time limited in the act under which the action was brought, just as much so as if no such provision as that contained in the 19th section of the general limitation act existed. That section had no application to the plaintiff's case; and, therefore, the fourth instruction given on the part of the defend-

ant was a proper instruction, and, from the admitted facts in the case, the plaintiff's action was barred by the lapse of time, and he could not recover. It would, therefore, be a useless act to reverse the judgment, which is clearly shown from the record to be for the right party, merely because some instructions were given which were not warranted by the evidence, but which could not possibly, under the circumstances, have done the plaintiff any harm.

The other judges concurring, the judgment is affirmed.