SARAH HILL, RESPONDENT, v. THE BOARD OF SUPER-
VISORS OF RENSSELAER COUNTY, APPELLANT.

*Riot act — the giving of liquor to the rioters precludes a recovery — statute of limita-
tions — application of, to an action brought under chapter 428 of 1855.*

In an action, brought to recover damages under chapter 428 of the Laws of 1855,
entitled "An act to provide for compensating parties whose property may
be destroyed in consequence of mobs or riots," it appeared that three men,
characterized in the evidence as "roughs," came to a hotel kept by the plaintiff
in the village of Lansingburgh, which was at the time in the charge of two
female servants; they inquired for the plaintiff and said they came to kill her.
When told that she was not home they asked for lager beer, which was fur-
nished them, the two female servants drinking with them two or three times
and the "roughs" drinking six or seven times. The roughs then began to dance
and sing and to assault the women, who, in their fright, ran out of the house,
whereupon the men broke and destroyed furniture, glassware, pictures and
other articles belonging to the plaintiff.

*Held*, that the plaintiff was not entitled to recover the damages thus sustained, by
reason of the provision of the act, to the effect that no person shall recover
thereunder, if it shall appear that such destruction or injury "was occasioned,
or in any manner aided, sanctioned or permitted by the carelessness or negligence
of such person," as it appeared that the rioters became riotous only after they had
been supplied freely with intoxicating liquors by the servants of the plaintiff.

That, presumably if they came there with evil intent, such intention was increased
by reason of the liquor that was furnished to them.

*Paladino* v. *The Board of Supervisors of Westchester County* (47 Hun, 337) followed;
*Ely* v. *The Supervisors of Niagara County* (36 N. Y., 297) distinguished.

That a claim that the plaintiff's servants were induced to sell the rioters liquor
through fear was not sustained by the evidence, which tended to show that the
rioters came to the house for the purpose of killing the plaintiff only.

The plaintiff, previous to the commencement of the action in which this appeal
was taken, had brought an action in the County Court, upon the same cause of
action, within three months after the injury was done, which action was dis-
missed by that court for want of jurisdiction, and thereafter, and about nine
months after the injury was done, this action was commenced.

*Held*, that this action was barred by the provision of the statute that "no action
shall be maintained, under the provisions of this act, unless the same shall be
brought within three months after the loss or injury."

That this action did not come within the provision of section 405 of the Code of
Civil Procedure, as section 414 in the same chapter excepts from the provisions
of that chapter "a case where a different limitation is specially prescribed by law."

APPEAL by the defendant from a judgment of the Supreme Court,
in favor of the plaintiff, entered, upon the report of a referee, in

the office of the clerk of the county of Rensselaer on the 10th day of July, 1888.

The action was brought under chapter 428 of the Laws of 1855, entitled " An act to provide for compensating parties whose property may be destroyed in consequence of mobs or riots."

The complaint averred that on the 19th day of July, 1886, the plaintiff was keeping the " Grove Hotel" in the village of Lansingburgh ; and on that day " a mob or riot of men " struck and intimidated her servants in charge and thereupon destroyed a large amount of her personal property in the house.

The testimony was to the effect that on the day in question the plaintiff left her hotel in charge of two female servants ; that in the afternoon three men known to the servants, and characterized by them in their testimony as " roughs," came into the hotel carrying clubs ; they first inquired for the plaintiff, and said they came to kill her ; they were told she was not at home and were requested not to make any disturbance ; they then asked for lager beer, which was furnished them ; they asked the two females to drink with them, which they did ; they soon asked for and obtained another drink ; drank six or seven times, the females drinking with them two or three times ; they then began to dance and sing, and to assault the females, who in their fright ran out of the house ; then the men broke and destroyed furniture, glassware, pictures and frames, and other articles to the plaintiff's damage, as found by the referee, in the sum of $1,158.10. The plaintiff commenced a like action in the County Court for the same cause of action, within three months after the injury was done. That action was dismissed for want of jurisdiction. Afterwards, and about nine months after the injury was done, this action was commenced. The answer alleges that this action was not commenced within three months, and contains a general denial.

*E. L. Fursman,* for the appellant.

*James Lansing,* for the respondent.

LANDON, J. :

Chapter 428, Laws of 1855, under which this action is brought, provides for a recovery when property " shall be destroyed or

injured in consequence of any mob or riot." It also provides that no person shall recover if it shall appear that such destruction or injury " was occasioned, or in any manner aided, sanctioned or permitted by the carelessness or negligence of such person."

The three persons who developed into rioters did so in the plaintiff's hotel, and after her servants (she being a licensed vendor) had freely supplied them with intoxicating drinks. Possibly they assembled there with evil intent; if they did, the liquor they received at the plaintiff's bar presumably fortified that intent; if they assembled there for purely social enjoyment, the liquor presumably developed their destructive propensities. In either case the plaintiff, by her servants in charge, was, to some extent, blamable. The case of *Paladino* v. *Board of Supervisors of Westchester County* (47 Hun, 337), seems to us to have been correctly decided, and is decisive against the plaintiff's recovery.

The suggestion is made that the plaintiff's servants were induced to sell the rioters liquor through fear. The plaintiff retailed liquor for profit, and her servants accepted these persons as customers, and drank with them. The remark that they came to kill the plaintiff does not appear to have excited alarm.

The plaintiff cites *Ely* v. *Supervisors of Niagara County* (36 N. Y., 297). There certain good people, becoming indignant over the disorderly, licentious and criminal conduct of people who made a bawdy-house their rendezvous, tore it down. The court held that the bad reputation of the house, and the bad conduct of its frequenters, were not the proximate cause of its destruction. The good people were misdirected, not through the agency of the proprietor of the house ; he had nothing in common with them ; his bad conduct could only lawfully lead them to seek lawful redress, and in no sense could he be held to have invited lawless violence. The case would have more resemblance to this if the patrons of the house had, in their orgies, torn it down. He who furnishes liquor to him whom the liquor infuriates is, in the cases mentioned in the civil damage act, liable for the consequences ; in the case at bar it is only necessary to hold that to him the county is not an indemnitor against the consequences.

Besides, we think, this action is barred by the fifth section of the act. It provides that " no action shall be maintained under the pro-

visions of this act, unless the *same* shall be brought within three months after the loss or injury." This action was not brought within three months. An action was brought within three months in the County Court, but was dismissed because the court had no jurisdiction. The plaintiff contends that section 405 Code Civil Procedure, gives the plaintiff one year after the termination of the action in the County Court in which to bring this action. But the statute of 1855 fixes the limitation of three months. Section 405 of the Code of Civil Procedure is in chapter 4 thereof, entitled " Limitation of the time of enforcing a civil remedy," and section 414 excepts from the provisions of the chapter " a case where n different limitation is specially prescribed by law." (*Hammond* v. *Shephard*, 50 Hun, 322, 323.)

The judgment must be reversed, a new trial granted, costs to abide the event.

LEARNED, P. J., and INGALLS, J., concurred.

Judgment reversed, new trial granted, referee discharged, costs to abide event.