DeBoth, *Plaintiff in Error*, v. Rich Hill Coal & Mining Company.

Division Two, November 23, 1897.

1. **Constitutional Statute:** PURVIEW OF TITLE. Where the right to sue is germane to the title of a statute, the time within which an action must be brought after the right to sue accrues is also germane as naturally connected therewith.

Vol. 141 mo—32

2. ———: CONSIDERED IN ITS ENTIRETY.  In passing upon the constitutionality of a statute the courts are not restricted to its title, but may consider the act in its entirety.

3. Action Against Coal Mining Company for Injuries: BEGUN WITHIN ONE YEAR.  Plaintiff was injured by the caving in of the roof of a coal mine in June, 1893.  He began this suit in December, 1894. *Held*, that the action was barred by the act of 1891, and that the time within which such actions are to be brought is prescribed by the act of 1891, and not by the general statute of limitations.

4. Nonsuit not Counted in Computing Time.  Plaintiff, a coal miner, brought suit against a coal mining company under the statute of 1891, which prescribes that such actions must be begun within one year after the injury.  The suit was first brought within a year, but on account of an adverse ruling against the admission of evidence plaintiff was forced to take a nonsuit, and within six days, but more than one year after the injury, this suit was brought and these facts were recited in the petition.  *Held*, that the running of the statute of limitations was not interrupted by the first action and nonsuit, and that this action was barred.

*Error to Cass Circuit Court.*—HON. W. W. WOOD, Judge.

AFFIRMED.

W. O. Jackson and Graves & Clark for plaintiff in error.

(1)  The proviso in section 7074, as amended by acts of 1891, pages 182, 183, limiting the time in which such action shall be brought, is unconstitutional and void, for the reason that such is not within the purview of the title of the act, and not germane to the subject-matter of the act, and is beyond the amendment stated in the first section or enacting clause of the act, which says what amendment shall be made to said section. Acts of 1891, p. 182; Const. of Mo., art. IV., sec. 34. (2)  It is unconstitutional for the further reason that the subject contained in this proviso, that is the subject of limitations of rights of action, is not clearly expressed in the title to the act of 1891.  In fact, is not expressed

therein at all. Const. of Mo., art. IV., sec. 28; Sutherland on Stat. Const., sec. 102, and cases cited. (3) The matter contained in this proviso is not germane to the subject being legislated upon, and contemplated by the title of the act, and is therefore unconstitutional and void. *Ewing v. Hoblitzelle*, 85 Mo. 71; *State ex rel. v. Co. Court*, 41 Mo. 39; *Kansas City v. Payne*, 71 Mo. 159. (4) The title of the act contained nothing to indicate that a statute of limitations was going to be passed, and the proviso is therefore void. (5) We contend further that upon the institution of the first suit, May 7, 1894, the statute ceased to run, and the time from that date to December 6, 1894, the date of its dismissal, can not be counted. Statutes of limitation do not run while the suit is pending. 13 Am. and Eng. Ency. of Law, p. 745; *Primo v. Lee*, 56 Vt. 60; *Coffin v. Cattle*, 16 Pick. 386.

*R. T. Railey* for defendant in error.

(1) Plaintiff's petition fails to state a cause of action, because the date of injury was in June, 1893, and the present suit was not brought until December 12, 1894. Sess. Acts 1891, p. 183; R. S. 1889, secs. 2084, 4425, 4429 and 6791; *Kennedy v. Burrier*, 36 Mo. 128; *Barker v. Railroad*, 91 Mo. 94; *Sparks v. Railroad*, 31 Mo. App. 114; *Dulaney v. Railroad*, 21 Mo. App. 599; Wood on Lim. of Actions, sec. 9, p. 28; *Hesse v. Ins. Co.*, 21 Mo. 95. (2) If the title to the original act is sufficient to embrace the provisions of the amendment, then the latter will be held good, and it is immaterial whether the title to the amendatory act be sufficient or not. *St. Louis v. Tiefel*, 42 Mo. 578; *State v. Mathews*, 44 Mo. 526; *State ex rel. v. Ranson*, 73 Mo. 88; *State ex rel. v. Miller*, 100 Mo. 444; *Brandon v. State*, 16 Ind. 197. (3) The title and body

of the act should be considered together. ·*Ins. Co. v.* · *Albert,* 39 Mo. 183; *Dart v. Bagley,* 110 Mo. 51; *State ex rel. v. Slover,* 134 Mo. 17; 1 Kent, Com., p. 461. (4) Details of legislation, fairly germane to the general subject of an act, need not be specially mentioned in the title. *State ex rel. v. Co. Ct.,* 102 Mo. 537; *State ex rel. v. Ranson,* 73 Mo. 88; *State v. Mathews,* 44 Mo. 526; *State ex rel. v. Mead,* 71 Mo. 266; *State ex rel. v. Blackstone,* 115 Mo. 427; *State v. Bennett,* 102 Mo. 364; *Lynch v. Murphy,* 119 Mo. 169; *State ex rel. v. Bronson,* 115 Mo. 276; *Ewing v. Hoblitzelle,* 85 Mo. 64; *State ex rel. v. Marion Co. Ct.,* 128 Mo. 427; *State ex rel. v. Slover,* 134 Mo. 16; *State ex rel. v. Miller,* 100 Mo. 444. (5) When the whole of a section or act amended is set out in full as amended, it is sufficient. *State v. Chambers,* 70 Mo. 628; *State v. Thruston,* 92 Mo. 326; *Morrison v. Railroad,* 96 Mo. 605; *State v. Hendrix,* 98 Mo. 375; *State ex rel. v. Miller,* 100 Mo. 446. (6) The constitutional mandate in regard to the title of a statute does not require a table of contents as a caption to a law. *State ex rel. v. Co. Ct.,* 128 Mo. 441.

BURGESS, J.—This is an action by plaintiff, a coal miner, against the defendant for damages for personal injuries sustained by him while in the service of defendant. The action was begun on the twelfth day of December, 1894, in the circuit court of Bates county, but thereafter the venue was changed to the circuit court of Cass county. The petition, leaving off the formal parts, is as follows:

"The plaintiff, Frank DeBoth, for his cause of action and in this his third amended petition, says that the defendant, the Rich Hill Coal Mining Company, is and at all times hereinafter named was a mining corporation duly organized and doing business under the

laws of the State of Missouri. That as such corporation, in and during the month of June, 1893, defendant was operating a coal mine near Rich Hill, Missouri, known as mine No. ——. That the roof of a said mine in a room therein worked by one Ed. Getterro was in a dangerous and unsafe condition, and props and timbers were much needed and required in said room to properly secure the working and the roof therein from caving in. That props and timbers for the purpose of properly securing said workings and roof had by said Ed. Getterro been demanded and requested of this defendant through its agent, the then acting pit boss of said mine, who had the immediate charge and supervision of said mine and of said room, and who was required and demanded and requested by the said Ed. Getterro to send down and furnish props and timber to make said roof secure and safe and to prevent it from caving in. That under the mining laws of the State of Missouri it was the duty of the said defendant, when requested as aforesaid, to furnish and keep on hand the necessary props and timbers with which to secure the roof and working places of said room, and under said law it was the further duty of said company to send props and timbers for such purpose to said room when the same were needed and demanded as aforesaid. That notwithstanding the fact that the said props and timbers were sorely needed and had been requested and demanded, the said defendant willfully, negligently and wrongfully failed and refused to send the same down to said room as was required and demanded, thereby leaving said roof of said room in a very dangerous condition. That it was the custom, at the time of the injury hereinafter mentioned, recognized by this defendant in said mine, when a car got off the track for the miners in the neighboring room, when called upon, to assist in putting the same back upon the track, and

they were bound by their employment in said mine as miners to do so. That this plaintiff on the —— day of June, 1893, was working as a coal miner for the defendant in said mine, in a room adjacent to the room aforesaid. That a car in said room got off the track and this plaintiff being called into said room for that purpose by the said Ed. Getterro went into said room to assist in putting said car upon the track; and while he was lifting on said car in said room for the purpose of putting it upon the track, a large piece of slate fell from the roof of said room upon him, striking him on the back, hips and legs, and mashing his hips, fracturing his back, and injuring his spinal nerve and nerves so as to deprive him entirely of the power to move his legs or any part of his body below the small of the back, or to feel any sensation in his hips or legs. That plaintiff is a coal miner by occupation, and said injury has rendered him unfit to follow his occupation, or to do any other work. That he is permanently injured and disabled; that he has already suffered and will suffer great bodily pain and mental anguish from said injury; that he has lost and will continue to lose much time therefrom; that he has been put to great expense for medicines and medical attendance, to wit, the sum of two hundred dollars; that he will be put to further expense for doctors and nurses, and that his said injuries are permanent and incurable, and that by said injuries received as aforesaid he has been damaged in the sum of fifty thousand dollars. That said piece of slate would not have fallen if said room had been properly propped and secured with timbers and props and that the said injury of plaintiff was and is wholly the result of the willful, negligent, and wrongful failure of the defendant to keep a sufficient supply of timbers and props to be used in the rooms of said mines, and to send the same down to the said room in which

plaintiff was injured, to the workmen therein, to enable the said workmen therein to properly secure the roof and working place so as to keep it from caving in and falling down.

"That on the seventh day of May, 1894, he filed his petition in the circuit court of Bates county, Missouri, in substance and in form as herein filed, suing for his said damages herein, which said cause was taken on change of venue by the defendant to the circuit court of Vernon county, Missouri, where it remained pending until the 6th day of December, 1894, when this plaintiff, owing to an adverse ruling of that court upon the question of evidence, took a nonsuit in said case, but in a few days thereafter filed the original petition in this pending cause.

"Wherefore plaintiff prays judgment for the said sum of fifty thousand dollars, and for his costs."

Defendant demurred to the petition for the following grounds of objections:

"1.    Because said petition does not state facts sufficient to constitute a cause of action against this defendant.

"2.    Because it appears upon the face of plaintiff's petition that the injury complained of occurred in June, 1893, and the present action was not commenced until the 12th day of December, 1894, under the mining act, or more than one year subsequent to the date of said injury."

The demurrer was sustained and final judgment rendered in favor of defendant.

Plaintiff then sued out writ of error and brings the case to this court for review.

The first question with which we are confronted is with respect to the constitutionality of the act of the legislature entitled "An act to amend section 7074, chapter 115, article 2 of the Revised Statutes of the

State of Missouri, relating to safety and inspection of mines." Laws 1891, p. 182. It is contended by plaintiff that the proviso in said section limiting the time in which actions shall be brought under said act is unconstitutional and void for the reason that such proviso is not within the purview of the title of the act. We are unable to see the force of this contention. The action is founded in part upon the section of the statute in question; and the proviso therein, that all suits brought under the article of the statute, of which that section forms a part, "shall be commenced within one year after any cause of action shall have accrued under this article and not afterwards," is not incongruous with the title to the amendatory act, but in harmony therewith. The words "safety and inspection of mines" used in the title to the act, are broad enough in their scope and meaning to embrace everything having natural connection therewith, and the time in which an action must be brought after the right to do so accrues, is as germane to the title of the act as the right to sue, which is unquestionably germane to the title. In *State ex rel. v. Mead*, 71 Mo. 266, it was said that "a provision in an act concerning popular elections authorizing the Governor to fill vacancies in elective offices is germane to the general subject and is valid," and in this case it seems to us that the proviso limiting the time in which actions shall be brought under the act in question is more directly connected with the general subject of the act than the authority conferred upon the Governor to fill vacancies in election officers in the *Mead* case. Nor do we think the title of the act misleading as to the proviso which limits the time in which actions must be begun thereunder. Such provisions are not unusual in statutes conferring the right to sue for damages for injuries sustained. But in passing upon the constitutionality of the act we are not

restricted to its title, but may consider the act in its entirety. *Ins. Co. v. Albert,* 39 Mo. 183; *City v. Weitzel,* 130 Mo. 600; *Dart v. Bagley,* 110 Mo. 42; *State ex rel. v. Slover,* 134 Mo. 10. And when this is done there can not, we think, be any question as to the validity of the act under consideration.

Plaintiff further insists that even though the act of 1891 be held to be constitutional, that his cause of action was not barred by the statute of limitations at the time of the commencement of this suit. The injury was sustained in June, 1893, at which time the cause of action accrued, and this action was brought on December 12, 1894. Therefore more than one year had elapsed from the time of the injury to the institution of this suit, and the action was then barred by the statute of 1891, unless the time that the former suit between the same parties upon the same cause of action was pending be not taken into account. A similar question was before this court in *Gerren v. Railroad,* 60 Mo. 405, and it was then held that a new suit brought against a railroad, after nonsuit, must be commenced within one year after the cause of action accrued. In that case suit had been brought and nonsuit taken as in this case, and if the time during which the suit was pending had not been taken into account, the action would not have been barred at the time of the commencement of the new suit, but it was ruled that the action must be brought within one year from the time of the injury, notwithstanding another action may have been pending during a part of that time between the same parties, and for the same cause of action in which a nonsuit was taken and a new suit brought within one year next thereafter. The same doctrine was announced in *Revelle v. Railroad,* 74 Mo. 441; *Kennedy v. Burrier,* 36 Mo. 128.

The time in which such actions must be brought is

prescribed by the act of 1891, and not by the general statute of limitations.

As from the conclusion reached the judgment must be affirmed, we deem it unnecessary to pass upon the first ground of demurrer.

The judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.