## LOUIS J. KORB, ADMINISTRATOR, *vs.* THE BRIDGEPORT GAS LIGHT COMPANY.

Third Judicial District, New Haven, January Term, 1917.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The proviso in Chapter 193, § 4, of the Public Acts of 1903, that no action thereon for injuries resulting in death shall be brought but within one year from the neglect complained of, is something more than an ordinary statute of limitations. It attaches to and forms part of the right of action itself, or imposes a condition upon the right to sue at all.

An action under this statute is, however, subject to the remedial and unrestricted provisions of § 1127 of the General Statutes, relating to the accidental failure of suits; and therefore if the action, commenced within one year of the neglect complained of, fails because of a judgment of nonsuit therein,—as in the present case—a new action for the same cause may be brought within one year from the determination of the original action.

In an action to recover damages for personal injuries resulting in the death of the plaintiff's intestate, which was alleged to have been caused by the negligence of the defendant in permitting illuminating-gas to escape on the premises where the decedent slept, the defendant complained of a passage in the charge upon the ground that it warranted the jury in imposing upon the defendant too heavy a burden or standard of care. *Held* that inasmuch as this passage was followed by an instruction upon that subject near the close of the charge, in the very words of the defendant's request and directed specifically to the situation in hand, the sting of this criticism, if well grounded, was removed by the later instruction.

The defendant advanced the theory, which it sought to support by evidence, that the gas-cock placed upon the end of a pipe had been turned on by an occupant of the house during the night of the accident. *Held* that a definite instruction to the effect that if the jury so found, they must render a verdict for the defendant, effectually removed the possibility of any implication from a previous remark, that the jury under such circumstances might still find a verdict for the plaintiff.

The evidence in the present case reviewed and the refusal of the trial court to set aside the verdict sustained.

The case of *Chichester* v. *New Hampshire Fire Ins. Co.*, 74 Conn. 510, explained and distinguished.

Argued January 17th—decided February 21st, 1917.

ACTION to recover damages for negligently causing the death of the plaintiff's intestate by gas asphyxiation, brought to the Superior Court in Fairfield County and tried to the jury before *Webb, J.;* verdict and judgment for the plaintiff for $1,500, and appeal by the defendant. *No error.*

This action was brought under the provisions of § 4 of Chapter 193 of the Public Acts of 1903, to recover for personal injuries resulting in the death of the plaintiff's intestate. The cause of injury and death is alleged to have been the escape of illuminating-gas on the premises where the intestate slept, occasioned, as charged, by the negligence of the defendant in failing to properly safeguard the premises from such escape when, upon the day previous, it detached the service-pipe extending into the building from a meter located in the entrance hall, and attached a so-called T-handle cock to the end of the pipe to prevent the flow of gas therefrom.

In the course of the pleadings it appeared that the action was not commenced within one year from the neglect complained of, although within one year from the determination by a judgment of nonsuit of a former action for the same cause begun within one year from the neglect. The defendant thereupon, in a demurrer to the reply, contended that the plaintiff had not presented a good cause of action. This demurrer was overruled, and the defendant pleaded over. The issues thus joined were tried to the jury, and a verdict and judgment for the plaintiff rendered. The reasons of appeal charge that there was error in the overruling of the demurrer, in certain passages of the charge, and in the denial of a motion to set aside the verdict as being against the evidence.

*Arthur M. Marsh* and *David S. Day,* for the appellant (defendant).

*Henry E. Shannon*, with whom was *Frank L. Wilder*, for the appellee (plaintiff).

PRENTICE, C. J.   The statute (Public Acts of 1903, Chap. 193, § 4), under which this action was brought, creates a liability unknown to the common law, and contains a proviso that no action shall be brought upon it but within one year from the neglect complained of. This proviso is something more than an ordinary statute of limitations.   It embodies an essential element of the cause of action created—"a condition attached to the right to sue at all."   "The liability and the remedy are created by the same statutes, and the limitations of the remedy are, therefore, to be treated as limitations of the right."   *The Harrisburg*, 119 U. S. 199, 214, 7 Sup. Ct. 140; *DeMartino* v. *Siemon*, 90 Conn. 527, 528, 97 Atl. 765; *Radezky* v. *Sargent & Co.*, 77 Conn. 110, 114, 58 Atl. 709.   It follows that the statutory provision or provisions prescribing the limitation must be strictly observed if liability is to attach to the claimed offender.   Failure to show such observance results in a failure to show the existence of a good cause of action.   *DeMartino* v. *Siemon*, 90 Conn. 527, 529, 97 Atl. 765; *Radezky* v. *Sargent & Co.*, 77 Conn. 110, 113, 58 Atl. 709.   If the Act of 1903 stood by itself, unaffected by other legislation, there could, therefore, be no question but that the plaintiff's action was not seasonably begun, and must fail.

We have, however, in § 1127 of the General Statutes a statute which is not to be ignored.   It provides, among other things, that if any action, commenced within the time limited by law, shall fail for the reason, among others, that a judgment of nonsuit is rendered therein, the plaintiff may commence a new action for the same cause or subject of action at any time within one year after the determination of the original action.

The language of this section, read in its natural meaning, appears to fit the present situation exactly, and to provide for an extension of the time limitation for the bringing of an action upon § 4 of the Act of 1903 under the conditions existing in the present case.

The defendant's counsel, however, contend that such is not the fact, since, as they urge, § 1127 is auxiliary to statutes of limitation in the strict sense of that term, and its operation confined to preventing the interposition of the bar of such statutes, and "does not affect statutes which, though fixing a limitation of time for the bringing of a certain class of actions, are not properly statutes of limitation in the true sense." In support of this contention they invoke the authority of the American and English Encyclopedia of Law (2d Ed. Vol. 19, pp. 262 and 265), from which the above quoted language is taken, and of cases hereinafter noticed, in part there cited, from New York, Illinois, Missouri, and Georgia, in which jurisdictions, as in many others, there are statutes in substance resembling our own, which for convenience sake we may designate extension statutes. A careful examination of these cases discloses that no one of them, save that from Georgia, lays down any such doctrine as that attributed to them. With the exception of that case and one of the Illinois cases, all of them were expressly decided upon the strength of a provision of the law in the respective jurisdictions in terms exempting the action under consideration from the operation of the extension statute. The New York case, for example, was one brought under a statute authorizing the recovery of damages for property injured or destroyed in consequence of a mob or riot providing action therefor be brought within three months after the loss or injury. The pending action was not brought within the three months, but a prior action for the same cause had been. A section of the

code forming a part of the chapter in which was the extension provision, excepted from the operation of the provisions of that chapter all cases where a different limitation from that therein provided was specifically prescribed by law, or a shorter one by the written agreement of the parties. New York Annotated Code (1916) §§ 405 and 414. The Court of Appeals said of this section that in its enactment "the legislature, obviously, had in view to except those particular or special remedies by action, which they had the power to allow, and to leave themselves free to attach such conditions as to limitation of time as they saw fit," and for that reason, and that alone, held, as had the Appellate Division of the Supreme Court for like reason, that the extension statute was not applicable to the pending action brought under a statute entirely outside of the chapter referred to. *Hill* v. *Supervisors*, 119 N. Y. 344, 347 (23 N. E. 921), 53 Hun, 194, 197, 6 N. Y. Supp. 716. In *Lake Shore & M. S. Ry. Co.* v. *Dylinski*, 67 Ill. App. 114, the situation presented was a very similar one. The second action was held not to have been commenced in time, for the reason that the extension statute was, by its terms, confined in its application to actions specified in a certain Act, of which the pending action was not one. p. 116. The decision in the second Illinois case referred to was placed upon a different ground, but not upon the proposition advanced by the defendant's counsel. In that case (*Peacock* v. *Churchill*, 38 Ill. App. 634) the plaintiff had presented a bill in chancery to test the validity of a will more than three years after its admission to probate. The statute under which this action was taken prescribed that such bill might be filed within three years. The court held that the statute was jurisdictional, and in no sense one of limitation, and was not to be governed by the general law of limitations or any limitation law. Here again, as in the

other Illinois case, the proceeding was not one of those specified as being within the reach of the statute. In Missouri the statute under which the two cases there were decided expressly provided that the provisions of the chapter containing the extension statute should "not extend to any action which is, or shall be, otherwise limited by any statute," and that such action should be brought within the time limited by such statute. The court's decision was based solely upon this provision which, it was held, brought the cases out from under the operation of the extension statute. *Gerren* v. *Hannibal & St. J. R. Co.*, 60 Mo. 405, 411; *DeBoth* v. *Rich Hill Coal & Mining Co.*, 141 Mo. 497, 505, 42 S. W. 1081. The court, in *Parmelee* v. *Savannah, F. & W. Ry. Co.*, 78 Ga. 239, 240, did not invoke the general rule here contended for, or announce such rule. It did, however, assert, without citation of authority or assignment of a reason, that the extension statute of that State was not applicable to a case brought upon a statute enabling suit to be maintained for the violation of a rule or regulation of the railroad commissioners, provided such suit was brought within twelve months, and to that extent it may be regarded as supporting the defendant's position.

It remains to notice our own case of *Chichester* v. *New Hampshire Fire Ins. Co.*, 74 Conn. 510, 51 Atl. 545, which the defendant also relies upon. That action was brought upon a fire insurance policy, one provision of which was that no suit or action upon it should be sustained in any court of law or equity which was not commenced within twelve months next after the fire. The plaintiff sought to justify its commencement later than the time thus limited, by a resort to Chapter 193 of the Public Acts of 1895, now § 1127 of the General Statutes. We said of this attempted justification that it was unavailing, because the limitation sought to be

brought under the operation of the statute was one made by the agreement of the parties and not by statute. The vital distinction between the two situations is apparent. In the one case the parties have determined the conditions under which liability shall be incurred, and their agreement must control. In the other the conditions are fixed by legislative authority and are, of course, subject to modification or change by the same authority.

But counsel for the defendant urge that in saying, as we did in that case, that the extension Act was an amendment to the statute of limitations and did not affect the contract, we held, at least inferentially, that its application was confined to time limitations imposed by statutes of limitation within the strict and narrow meaning of that term, that is, to those contained in statutes governing the remedy only, and that it had no bearing or effect in the case of limitations contained in statutes creating a right and made an essential condition of the existence of that right. It is evident that the language referred to was used to distinguish between limitations arising from statutes, and those imposed by contract, as one step in reaching the conclusion that while the former might well be modified by statute, the latter might not be. It is equally evident that it was not used with a regard for the nice distinctions which might be drawn between the different kinds of statutory time limitations.

Section 1127 provides that if any action, commenced within the time limited by law, shall fail for specified causes, the plaintiff may bring a new action for the same cause within one year after the determination of the original action. This language certainly is general and comprehensive. It neither embodies exceptions or reservations, nor suggests any. The extension of time is in terms made applicable to all cases where a suit,

seasonably begun, has failed for the causes stated. That the power of the General Assembly was adequate in the premises is undoubted, since the whole matter rests in legislation. If there is to be any restriction it must be the result of legal construction, and the reasons for such construction are not apparent. The provision is remedial in its character. It was passed to avoid hardships arising from an unbending enforcement of limitation statutes. Those hardships are the same in character whether the statute be one which concerns the remedy only, or the right as well as the remedy. It should be so construed as to advance the remedy rather than to retard it.

We are of the opinion that the time limitation, forming an essential condition to the existence of a right of action under the fourth section of the Act of 1903, is one derived by reading together the proviso therein contained and § 1127 of the General Statutes, the latter section operating as a modification of the former, and, therefore, that the demurrer was properly overruled.

Four passages in the court's instructions are made subjects of criticism in the appeal. The first occurs early in the charge where, in defining in general terms the defendant's duty in handling and distributing its product, it used language from which the defendant says the jury might have drawn the conclusion that the defendant was under the duty of making use of "every reasonable sort of safety-device used in the gas business, of which it had knowledge or should have had knowledge, under penalty of being held negligent because of the omission," and that it could not justify its conduct by showing that it conformed to what was regarded as sound gas practice. The sting of this criticism, even admitting it to be sound, is removed by the fact that later in its instructions and near their conclusion the court, in plain language directed to this particular

subject, told the jury that if they found that "in this particular case the pipe was left in a reasonably safe condition and in accordance with what was considered at the time sound gas practice, the defendant was not negligent, even though in this particular instance some other method would have secured a higher degree of safety." As this instruction was given in the very words of counsel for the defendant and correctly expresses what they now claim the law to be, they can have no just cause for complaint.

Referring to a theory advanced by the defendant and attempted to be supported by evidence, that during the night of the accident the gas-cock which had been placed upon the end of the pipe had been turned on by an occupant of the house, the court remarked that if the jury found that such was the case they clearly would have difficulty in finding that the act of the defendant was the proximate cause of the escape of gas. This statement is made a ground of appeal for the reason that it implies that it would be within the power of the jury to find for the plaintiff under the circumstances stated. Here again, whatever possibility of such a result might lie in the language of the charge abstractly considered, was effectually removed by the later definite instruction that if the jury found that the stop-cock was so opened, a verdict for the defendant must be rendered.

The two remaining reasons of appeal addressed to the charge are not sufficiently substantial to call for discussion.

Our examination of the evidence satisfies us that it was such that the court did not err in refusing to set aside the verdict. There was evidence upon which the plaintiff was entitled to have the jury pass as respects both the issue as to the defendant's negligence and that as to the absence of contributory negligence on the part of the plaintiff's decedent. As bearing upon the latter

issue the evidence, by reason of the character and extent of the catastrophe which forever closed the mouths of all those who might otherwise have thrown some light upon the circumstances immediately surrounding the decedent's death and his conduct on the night when he lost his life, was largely confined to the circumstantial. But something of that there was, upon the strength of which the jury might be guided to a conclusion which had a more substantial foundation than mere speculation or conjecture.

There is no error.

In this opinion the other judges concurred.