JAMES W. JOHNSON, JR., P. P. A. *vs.* CHARLES E. WHEELER.

Second Judicial District, Norwich, October Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued October 16th—decided December 18th, 1928.

*Benjamin H. Hewitt,* for the appellant (defendant).

*George C. Morgan,* for the appellee (plaintiff).

WHEELER, C. J.  The complaint alleges that this action was brought by virtue of §6171 of the General Statutes, which provides: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service . . . or if a judgment of nonsuit is rendered . . . the plaintiff . . . may . . . commence a new action for the same cause at any time within one year after the determination of the original action. . . ."

The defendant first plead in abatement that another action had been brought for the same injury as the present action in which a judgment of nonsuit was rendered after the plaintiff had rested his case.  A demurrer to this plea, based upon General Statutes, §6171, was sustained.  Then the defendant demurred to the complaint because the present action is the same cause of action previously adjudged and the demurrer was overruled.  The ruling upon these demurrers was correct.  The statute in express terms gave the plaintiff the right to begin a new action for the same cause within a specified time.

The defendant next, in the third defense of his answer, alleged that the present cause of action is not based upon the same allegations of negligence claimed in the former action and hence is not brought within one year after the claimed cause of action accrued.  Literally read, the statute would permit the commencement of a new action for the same cause at any time within one year after the judgment of nonsuit.  The statute, General Statutes of 1902, §1127,

as amended by Chapter 206 of the Public Acts of 1913, formerly read: "In any action commenced within the time limited by law, if the writ shall fail of a sufficient service or return by any unavoidable accident . . . or if any judgment of nonsuit is rendered. . . ."

In *Korb* v. *Bridgeport Gas Light Co.*, 91 Conn. 395, 396, 99 Atl. 1048, we held that an action for negligently causing death might be brought under §1127 as amended, "within one year from the determination by a judgment of nonsuit of a former action for the same cause begun within one year from the neglect," and construed the statute in these words (p. 401): "Section 1127 provides that if any action, commenced within the time limited by law, shall fail for specified causes, the plaintiff may bring a new action for the same cause within one year after the determination of the original action. This language certainly is general and comprehensive. It neither embodies exceptions or reservations, nor suggests any. The extension of time is in terms made applicable to all cases where a suit, seasonably begun, has failed for the causes stated. That the power of the General Assembly was adequate in the premises is undoubted, since the whole matter rests in legislation. If there is to be any restriction it must be the result of legal construction, and the reasons for such construction are not apparent. The provision is remedial in its character. It was passed to avoid hardships arising from an unbending enforcement of limitation statutes. Those hardships are the same in character whether the statute be one which concerns the remedy only; or the right as well as the remedy. It should be so construed as to advance the remedy rather than to retard it."

Public Acts of 1915, Chapter 191, §1, provides: "The provisions of Chapter 206 of the Public Acts of

1913 shall apply to any civil action brought within the time prescribed therein and which has failed one or more times to be tried on its merits for any of the causes mentioned in said act."

The provisions of this Act are thus made to apply to any civil action brought within the prescribed time which has failed one or more times to be tried on its merits for any of the causes named in §1127.

The revisers of the General Statutes of 1918 incorporated this amendment with the then existing §1127; presumptively they did not intend to change this section except as this amendment had changed it. The new §6171 of the Revision of 1918 has somewhat changed the punctuation but we assume without intending to change its meaning.

The statute in this form came before us for construction in *Chouinard* v. *Wooldridge,* 102 Conn. 66, 127 Atl. 908. The defendant claimed in the second defense, which was the first assignment of error, that a judgment of nonsuit in favor of herself had been given in the same cause of action as was alleged in the complaint. Of this defense, MR. JUSTICE BEACH said: "The court, after argument, refused to hear testimony in support of the defendant's second defense, which alleged that on May 14th, 1923, a judgment of nonsuit in favor of the defendant was given in the Superior Court in Hartford County in a suit brought by the same plaintiff upon the same cause of action upon which the present suit is based. The point being that the second action was not commenced within the time limited by §6137 of the General Statutes. The defendant's claim is that §6171 of the General Statutes does not apply to actions for wrongful death commenced by an administrator. . . . The precise claim now made by the defendant was made and overruled in *Korb* v. *Bridgeport Gas Light Co.,*

91 Conn. 395, 99 Atl. 1048. In that case, as in this, the administrator brought an action for wrongful death in due season, in which action a nonsuit was suffered, and subsequently commenced a new action within one year after the nonsuit, but after the time limited by §6137 had expired; and we held, for reasons stated at length on pages 397-402, that the second action was saved by §6171. The first and fifth assignments of error are overruled on the authority of *Korb* v. *Bridgeport Gas Light Co., supra."*

In effect our construction of the statute in its present form as amended by the addition of the words, "has failed one or more times to be tried on its merits," did not attribute to it any different meaning from that given the earlier form of the statute which we construed in *Korb* v. *Bridgeport Gas Light Co., supra.* Aside from the sanction of the statute, an action of negligence may very properly be nonsuited upon the ground of negligence alleged and yet be clearly sustainable upon another and different ground of negligence. The ground of the action for negligence may be changed but the cause of action, the injury sustained through the defendant's negligence, be the same in each action.

To the suggestion that if the statute is construed to permit the same cause of action to be brought again upon precisely the same set of facts a second judgment of nonsuit must follow, there is no answer. The remedy must rest in a change in the statute which would avoid the judicial waste by making the judgment of nonsuit final upon the same set of facts.

The demurrer to the third defense was properly sustained.

Another ground of error is the failure of the court to charge as requested upon the subject of the care required of a child struck by an automobile while

attempting to cross a highway. The charge upon this point accorded with our well-settled rule of law and was presented to the jury so clearly that they could not have misunderstood either the rule of law or its application to the facts in evidence. Counsel for the defendant complain of the court's reference to the plaintiff as an immature child. The plaintiff was a boy of ten. All children of that age are immature to a greater or less degree. The defendant was not unfairly harmed by this characterization of the plaintiff by the court.

The final ground of error upon which defendant relies—the refusal of the court to set aside the verdict—we find not well taken; both the issue of the negligence of the defendant and the contributory negligence of the plaintiff were upon the evidence fair issues of fact, and we cannot hold, as matter of law, that the jury resolved these unreasonably.

There is no error.

In this opinion the other judges concurred.