[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff brings the action against the defendant Dr. Rudolfo. The complaint, dated September 8, 1994, served September 13, 1994, allege malpractice against the defendant, including the stillbirth of their stillborn son, Rodney Kearse, who was CT Page 7103 delivered on September 5, 1992. The plaintiffs also claim pain and suffering to the plaintiff Slater resulting from negligent medical treatment in the course of medical care for this pregnancy.
The plaintiff Madeline Slater moved to amend the complaint on November 14, 1994, alleging that she "brings this action as administrator on behalf of the estate of her unborn child, Rodney".
The plaintiff Madeline Slater was appointed Administratrix on October 17, 1994, more than a month after this action was commenced. The original action, paragraph 1, states that this plaintiff "brings this action on behalf of her unborn child".
In response to the defendant's motion to dismiss because there was no administratrix appointed at the time of the institution of suit, this court, Wagner, J. determined that, as the complaint was amended by motion within thirty days after the return day the amendment takes place ab initio, and relates back to the commencement of the action.
This defendant now moves for summary judgment as to both the first and the second count of the amended complaint. The first count is for the estate of the stillborn child Rodney Kearse, who was delivered stillborn on September 5, 1992. The second count sets forth claims for injury to herself by Madeline Slater.
 I.
As to the second count — the claims for personal injury by Madeline Slater. This action was commenced by service of process on September 13, 1994. The complaint was signed on September 8, 1994. The stillborn birth took place on September 5, 1992 per paragraph 18 of the complaint which constitutes a judicial admission as to the plaintiff. Hence the action was commenced more than two years subsequent to claims of physical and emotional injury at the time of the stillborn birth, and the medical treatment prior thereto.
General Statute § 52-584, pertaining to malpractice, establishes a Statute of Limitations of two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered. The defendant has pleaded, as a special defense, the two year statute CT Page 7104 of limitations, General Statute § 52-584.
The plaintiff, in opposition to this motion claims that she did not have probable cause to believe that a legal injury had occurred until 1993, when she received a medical opinion from a Dr. Brochin. "A cause of action will not accrue until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's wrongful
conduct". Catz v. Rubenstein, 201 Conn. 39, 47 (1986) (emphasis in original). In dealing with medical circumstances such a situation is often understandable, for few citizens possess the necessary expertise to be aware of the intricacies of the standard of care of physicians. In such circumstances, the two years from discovery, three year absolute limit from the date of the act or omission, would be applicable. This action was brought within two years of the time when the plaintiff claims that she claims to have discovered what is alleged to be wrongful conduct, and within three years from the act or omission complained of.
The plaintiff further alleges fraudulent concealment. Such fraudulent concealment, if proven, would toll the statute of limitations, as the statute would not commence to run until the plaintiff first discovered its existence. Puro v. Henry,188 Conn. 301, 308, 309 (1982). See also Connell v. Colewell,214 Conn. 242, 251, 252 (1990). If the plaintiff is able to prove this allegation the statute would commence to run in 1993, and the action would have been brought within two years of that time.
The plaintiff further alleges continuing treatment by the defendant, to and including October 9, 1992. "When, however, the injurious consequences arise from a course of treatment, the statute does not begin to run until the treatment is terminated".Connell v. Colewell, supra, p. 253 (1990). If this be proven, the action would have been brought within two years from the termination of treatment.
Based upon the aforesaid exceptions to a strict calendar application of the Statute of Limitations General Statute §52-584, the motion for summary judgment as concern the second count is denied.
 II.
As to the first count of the complaint, the wrongful death CT Page 7105 claim by the stillborn child Rodney Kearse. The defendant pleads as a special defense that the action is barred by the provision of General Statute § 52-584 and § 52-555.
As to General Statutes § 52-584, if herein applicable, the motion would fail for the reasons set forth in part I hereof. General Statute § 52-555 provides as follows:
 Actions for injuries resulting in death. In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses, provided no action shall be brought to recover such damages and disbursements but within two years from the date of death, and except that no such action may be brought more than five years from the date of the act or omission complained of.
This statute was changed by the legislature in 1991 by Public Act 91-238. Formerly the statute provided as follows:
 In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses, provided no action shall be brought to recover such damages and disbursements but within, two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of.
"No action for wrongful death existed at common law or exists today in Connecticut except as otherwise provided by the legislature." Ecker v. West Hartford, 205 Conn. 219, 231 (1987). "In such cases, the time limitation is not to be treated as an ordinary statute of limitations, but rather is a limitation on CT Page 7106 the liability itself, and not the remedy alone." Ecker, supra, p. 232. "The . . . limitation contained within Sec. 52-555 is a jurisdictional prerequisite which cannot be waived and must be met in order to maintain an action under Sec. 52-555." Ecker,supra, p. 233. "Since Sec. 52-555 creates liability where none formerly existed, the statute must be strictly construed and we are not at liberty to extend, modify or enlarge its scope through mechanics of construction." Ecker, supra, p. 233.
The acts complained of herein occurred in 1992 and hence the limitation of action provisions of the current statute, General Statute § 52-555 as amended by the legislature in 1991, are prima facia applicable.
The wrongful death statute contains its own limitation period. The Supreme Court, in DICTA, appears to be unimpressed by a contention that the statute of limitations applicable to the underlying wrong, rather than that contained in the wrongful death statute (for example six years for breach of contract (§ 52-576); and four years for breach of warranty (§42a-2-725)) would control.
"Additionally, this court does not read General Statutes § 52-576 and 42a-2-7225 as providing longer periods of time within which a wrongful death action resulting from a breach of contract or of a warranty may be maintained." Ecker v. WestHartford, 205 Conn. 219, 245 (1987). It appears clear that if a specific statute of limitations specifically refers to "death" as a consequence of the underlying wrong that limitation rather than the limitation of General Statute § 52-584 would apply. See General Statute § 52-577a (Product Liability) and General Statute § 52-584a (Professional Architects). Ecker v. WestHartford, p. 241, 242, 243.
This court determined to review the legislative history of Public Act 91-238 to determine a legislative purpose for ostensibly shortening the statute of limitations in the case of instantaneous death, from three years from date of the act or omission complained of to two years for the date of death, by the enactment of Public Act 91-238.
Representative Lawler, speaking for this public act, Substitute House Bill 7128 stated as follows:
Mr. Speaker, this bill would extend the statute of CT Page 7107 limitations to two years from the time of death, but under no circumstances, more than five years from the date of the act or omission complained of.
Representative Chase further elaborated as to the necessity to extend the period from three to five years from the date the act or omission complained of, in this fashion:
 ". . . especially in a cancer situation, will not be known, in other words, the act or omission will not be known, until three or four years from the act or omission. . ."
There is no mention made in any part of the legislative history that the legislature ever contemplated, let alone intended, to reduce the limitation in the case of instantaneous death from three years from act or omission complained of to two years from act or omission. The only purpose, which is directly stated, was to extend the period to a maximum of five years for pre-mortem negligence which later resulted in death.
From the time that the limitation of actions provisions were enacted as concerns wrongful death in 1903, by Public Act (ie Senate Bill No. 29), 1903 Chapter 193, the wrongful death statute has tracked the identical limitation period of the underlying statute of limitations in negligence actions. This was universally true until 1991, when the two years from death provision first appeared in this statute. Ninety years of legislative history cannot be ignored unless some reason — somereason — would appear from some source, even if only logic, to account for what can otherwise only be accounted for by virtue of unintended inadvertence.
The court perceives no intention on the part of the legislature to shorten the limitation period to a period less than three years from the date of the act or omission complained of. Similarly the court determines that there was no intent on the part of the legislature to lengthen the period, in the case of instantaneous death, from the period of three years from the date of the act or omission complained of up to five years. The legislature was only concerned with lengthening the time in dealing with pre-death negligence, in the enactment of this statute.
The plaintiff claims that if the two year period would be CT Page 7108 deemed to be applicable, then General Statute § 52-594 would exclude one year from the date of the act or omission in computing the two year period.
General Statute § 52-594 reads as follows:
 Limit for executor or administrator to bring personal action that survives. If the time limited for the commencement of any personal action, which by law survives to the representatives of a deceased person, has not elapsed at the time of the person's death, one year form the date of death shall be allowed to his executor or administrator to institute an action therefor. In computing the times limited in this chapter, one year shall be excluded form the computation in actions covered by the provisions of this section.
The reading of the last sentence of this statute would support the plaintiff's contention: The Supreme Court, in 1917, dealt with the precise question of a "savings statute" as concerns the limitation of action provisions of the wrongful death statute. The then General Statute § 1127, the accidental failure of suit statute, was deemed to apply to the otherwise expired one year limitation period contained in the then wrongful death statute (Public Act 1903, Chapter 193 s. 4) referenced supra. That savings statute § 1127 is identical to the present General Statute § 52-592, the Accidental Failure of Suit Statute.
"We have, however, in § 1127 of the General Statutes, a statute which is not to be ignored. Korb v. Bridgeport Gas LightCo., 91 Conn. 395, 397 (1917). (Emphasis added) The court held that an action which is at law an original action, brought under the auspices of the Accidental Failure of Suit Statute, even though brought after the expiration of the limitation of the wrongful death statute, is in fact saved by the provisions of that savings statute.
A further indication of the general intent of the law to give to administrators and executors an additional period of time, bearing in mind the additional time lapse between death and appointment is recognized by the Supreme Court at an early date. ". . . a cause of action accruing to an administrator after the death of the intestate is not complete and does not arise and CT Page 7109 exist so that the statute of limitations can begin to run until an administrator is appointed who can begin suit." Andrews v.Hartford and New Haven R.R. Co., 34 Conn. 57, 59 (1868).
The court concludes that there is no less compelling reason for the application of these principles in 1997 than there was in 1917, and in 1867. The one year from the date of death provision of this savings statute cannot apply, for that would impermissibly shorten the statute. See Leahey v. Cheney,90 Conn. 611, 613 (1916). The provisions of this statute are remedial and must be interpreted to accomplish its purposes. Korb, supra, p.402. The one year deduction from computation is deemed applicable.
This action on behalf of the estate of the deceased child was commenced well within the former period of three years from the act or omission complained of, and within two years from the date of death if one year is excluded from a calculation of two years from the date of death.
For the reasons set forth herein, the motion for summary judgment as to the first count of the complaint is denied.
L. Paul Sullivan, J.