SHERMAN *against* BARNES:

IN ERROR.

In an action founded on an express agreement not reduced to writing, it was held to be no answer to a plea of the statute of limitations, that a suit for the same cause of action was brought within the time limited, and being misconceived, was discontinued, and immediately upon such discontinuance, the action in question was brought.

THIS was an action of *assumpsit,* brought by *Jotham Sherman* against *Andrew Barnes,* on a special agreement, alleged to have been made, by the defendant, with the plaintiff, on the 16th of *February,* 1825. The action was commenced on the 6th of *March,* 1828.

The defendant pleaded, that he did not make the promise or agreement, alleged in the declaration, at any time within three years before the commencement of this suit; and that no note, or memorandum in writing, of said promise or agreement, was ever made and signed by the defendant, or any person by him

authorized, nor was the same ever reduced to writing.   The *Fairfield,*
plaintiff, in his replication averred, that within three years from <u>June,1830.</u>
the time when the cause of action accrued, *viz.* on the 5th of   Sherman
*May,* 1827, he commenced a suit, returnable to the county   *v.*
court on the third *Tuesday* of *November* 1827, which was en-   Rarnes.
tered in the docket of that court, and by continuance came be-
fore the same court, in *February,* 1828, and on the fourth day
of the session, the plaintiff, by reason that he had mistaken the
form of action adapted to his case, was compelled to, and, as
soon as he discovered the same, did, suffer a non-suit in said
cause, which was immediately entered on the records of the
court ; and as soon thereafter as the course of the court would
admit, *viz.* on the 6th of *March,* 1828, the plaintiff sued out
another writ, for the same matter, cause and thing, as said first
mentioned suit, returnable to said court, at the first term after
said non-suit, *viz.* on the third *Tuesday* of *April,* 1828, and
subsequently appealed to the superior court ; said last-men-
tioned suit being the suit now pending.   To this replication the
defendant demurred.

The superior court adjudged the replication insufficient, and
rendered judgment for the defendant.   On motion in error by
the plaintiff, the record was transmitted to this Court for *re*-
vision.

*N. Smith* and *Hamlin,* for the plaintiff in error, contended,
That as the plaintiff brought his action on this agreement,
within three years next after his right of action accrued, and
has since prosecuted his claim with all reasonable diligence,
shewing *no acquiescence* on his part, the case is saved from
the bar.   They cited *Bal. Stat. Lim.* 118. 121. 141. 147.
*Lawes on Plead.* 744, 5. 749.   *Beardmore* v. *Rattenbury,* 5
*Barn.* & *Ald.* 452. (7 *Serg.* & *Lowb.* 157.)

*Sherman* and *Booth,* contra, contended, 1. That the replica-
tion was bad, because it did not shew what the form of action
in the former suit was, nor state any facts, from which it ap-
peared, that its discontinuance was necessary, or was not the
result of culpable negligence.

2. That if the replication was well enough in these respects,
it was insufficient, because the commencement of the former
suit, which was abandoned, did not exempt the present suit
from the operation of the statute.   *This* action was not brought

*Fairfield,* within three years next after the right of action accrued.
June, 1830. They relied upon the explicit terms of the statute in the 5th

Sherman  section, in connexion with the provision for excepted cases in
*v.*  the 8th section ; and referred to *Smith* v. *Bower,* 6 *Term Rep.*
Barnes.  662. 664.   2 *Saund.* 63. *a.*   2 *Sell. Prac.* 469.   *Lawes' Plead.*
753. 735.   *Willes* 259. n. (*c.*)   3 *Wendell* 472. 475.

BISSELL, J.   Under the demurrer joined in this case, seve-
ral exceptions have been taken to the plaintiff's replication, on
the ground of a supposed want of technical precision in the
averments.

These exceptions it is unnecessary to consider, as the Court
has come to a unanimous decision upon the leading and impor-
tant question intended to be raised by the pleadings.   And
that question is, whether it be an answer to the plea of the
statute of limitations, that a suit for the same cause of action,
was brought within the time limited, and being misconceived,
was discontinued, and a new action brought immediately upon
such discontinuance ?

The statute upon which this question arises, enacts " that no
action founded upon any express contract or agreement, oth-
er than actions of book debt, on proper subjects thereof, not
reduced to writing, or some note or memorandum thereof,
made in writing, and signed by the party to be charged there-
with, or some other person by him lawfully authorized, shall
be brought but within three years next after the right of action
shall accrue."   *Stat.* 311. *tit.* 59. *s.* 5.

The language of this statute is very plain and unambiguous,
and would seem to be susceptible of but one interpretation.   It
is, indeed, admitted, that a strict construction of the statute
would be fatal to the plaintiff's claim.   It is, however, said,
that when the party has been guilty of no neglect, but has mis-
taken the remedy, and in consequence of such mistake, the stat-
ute has attached, the Court will not, by a strict construction,
debar him of his right.   If by a strict construction, is here
meant, adopting the language of the statute, and giving it full
effect, it may well be asked, whether the Court is at liberty to
adopt any other ?   And whether we may, by what is termed
a liberal construction, set at naught the plain provisions of the
act ?   To me it seems otherwise.   In construing a statute,
plain and explicit in its provisions, equitable considerations
have little to do.   The question is, what did the makers of

the law intend ?   And this intent we are to ascertain from the language they have used.   In support, however, of the position taken, a number of decisions under the 21 *Jac.* 1. and supposed to be analogous, have been relied on, and pressed upon the Court. It is said, that in the King's Bench, the filing of the bill of *Middlesex* is the commencement of the suit ; yet the Court, by an equitable construction of the statute, have held, that the suing out a *latitat* will save a cause from the operation of the statute.   It is true, that the suing out a *latitat* has been held (where the suit has been regularly continued,) to save the bar. *Hollister* v. *Coulson,* 1 *Stra.* 550.   *Crockett* v. *Jones,* 2 *Stra.* 734.   1 *Tidd's Prac.* 24. 25.   And the reason is, that the suing out a *latitat* is a good commencement of the suit, and so within the very words of the statute.   What is to be considered as the commencement of a suit, depends entirely on the general rule and course of the court. *Foster* v. *Bonner, Cowp.* 454.   In the Common Pleas, it is by original writ.   In the King's Bench, a bill of *Middlesex, or a latitat out of that court,* may be taken to be in the nature of an original writ, in the Common Pleas.   In *Caulliford* v. *Blandford, Carth.* 233. it was held, by all the judges of the *Exchequer Chamber,* that a *latitat* is a kind of original, in the King's Bench.   It has also been held to be a good commencement of the suit in a penal action.   *Cowp.* 456.   1 *Tidd* 293.   2 *Ld Raym.* 883.   And although in the Common Pleas, the original writ is said to be the commencement of the suit, yet according to the settled practice of that court, a *capias* issues in the first instance, and even a *testatum capias* may be sued out upon only a supposed, and not an actual preceding *capias.*   And the suing out of an original writ, is, in that court, wholly unnecessary, unless the party wish to proceed to outlawry.   So in the King's Bench, a *latitat* is usually sued out upon only a supposed, and not an actual bill of *Middlesex.*   So that a *latitat* may, in fact, be called the first process in the King's Bench, as the *testatum capias* is in the Common Pleas.   3 *Bla. Com.* 286.   It is also well settled, that a *latitat* may be considered, either as the commencement of the action, or only as a process to bring the defendant into court, at the option of the plaintiff.   1 *Tidd's Pract.* 293.   1 *Wils.* 146.   *Bull. N. P.* 151.   It ought also to be remarked, that this was a process of the court of King's Bench, at the time of the enactment of 21 *Jac.* 1., and must be understood to be comprised within the meaning of the act.   2 *Ld. Raym.* 882. 883.

*Fairfield,*
June, 1830.

Sherman
*v*
Barnes.

*Fairfield,*
June, 1830.

Sherman
*v.*
Barnes.

And it is further to be observed, that the suing out either a *latitat,* or any other writ, furnishes no answer to a plea of the statute, unless it appear that the suit has been returned, and the suit regularly continued.

Thus, in *Smith* v. *Bower,* 3 *Term Rep.* 662. an action was brought on promises, to which the statute of limitations was pleaded.    To this plea the plaintiff replied, that within six years, he sued out a bill of *Middlesex,* for the same cause of action. The bill of *Middlesex* was continued, for some time, and then abandoned, and an attachment of privilege sued out, by the plaintiff.    The court held, that the suing out an attachment of privilege was no continuance of the former proceedings, and *so no answer to the plea of the statute. Ashhurst,* J. says, " In order to prevent the statute of limitations from running, it is absolutely necessary, not only that a writ should be sued out, but that it should be regularly continued."    And so are all the authorities.    2 *Saund.* 1. n.    63 *d.* n. 6.    *Green* v. *Revett,* 2 *Salk.* 421.    *Atwood* v. *Burr,* 7 *Mod.* 5.    *Harris* q. t. v. *Woodford,* 6 *Term Rep.* 617.    *Lawes on Pleading* 745. 763. 2 *Sellon's Prac.* 467. 469.    In the case of *Soulden* & al. v. *Van Ransselaer,* 3 *Wend.* 472. it was decided, that a plaintiff cannot avail himself of a *capias,* issued to save the statute of limitations, although the same was regularly returned, entered on a continuance roll, and the continuances carried down to the time of issuing the process on which the defendant was arrested, unless it be shewn, that the process on which the arrest is made, is a continuance of the process originally issued, as that it is an *alias, pluries,* &c.; and that the continuance of a suit must be proved, not presumed.

These authorities conclusively prove, that to save a case from the operation of the statute, it is not only necessary that a suit should have been commenced within the term limited, but also *that the suit so commenced* should have been regularly continued.

But it is said, that according to the practice of the *English* courts, the continuance is mere matter of form, and may be entered at any time, even after judgment.    It is true, that when a *latitat* has been sued out and returned, the continuances may be supplied, and an entry made, any time, on the continuance roll.    It has even been held, that they may be made by the attorneys, at their chambers.    *Beardmore* v. *Rattenbury,* 5 *Barn. & Ald.* 452.    *Dacy* v. *Clinch,* 1 *Sid.* 52.    But although the

continuances may be mere matter of form, the cases all shew an observance of the form to be necessary. "Where indeed, the plaintiff has been guilty of an omission, or mere irregularity, the court will interpose and grant him an indulgence, for the sake of preserving the right of action; and it is upon that ground, that we permit continuances to be added afterwards. But where it is admitted, that the party has discontinued, he cannot sue out a writ of a different nature, and consider it a continuance of the former action." Per *Ashhurst*, J., in *Smith* v. *Bower*, 3 *Term Rep.* 664.

Here, it is admitted, that the first suit was withdrawn, and a new action brought. And no case has been, or can be cited, to show, that where a suit has been discontinued, it furnishes any answer to the statute; and unless this can be shown, it is difficult to see how the plaintiff's case is supported by authorities. An analogy has, indeed, been attempted to be drawn between this case and the removal of a case from an inferior court into the King's Bench, by *habeas corpus*. And it is said, that there the statute will not be a bar, although more than six years have elapsed, before the *teste* of the *habeas corpus*. It is true, it has been decided, that if an action be brought in an inferior court, within six years, and during the pendency of the cause in the inferior court, the time expires, and the *defendant* then removes the cause, by *habeas corpus*, into the King's Bench, and the plaintiff there declares *de novo*, and the defendant pleads, that the cause of action did not accrue within six years before the *teste* of the *habeas corpus*, the plaintiff may reply and show the proceedings in the inferior court; and that will be a sufficient answer to the statute. The decision may rest on either of two grounds. 1. That the proceedings upon the *habeas corpus* are in some sort a continuance of the former suit. *Whitwith* v. *Hovenden*, 1 *Sid.* 228. (cited 2 *Ld. Raym.* 881.) Or, 2. That although the action in the King's Bench is not a continuance of the suit below, yet, as the plaintiff had pursued his right within due time, it ought not to be in the defendant's power to defeat his right, and take away his remedy, without any fault in him. 2 *Saund.* 63. *f.* n. 6. *Matthews* v. *Phillips*, 2 *Salk.* 424. It will be here remarked, that the removal of the cause was the act of the defendant. Had the plaintiff discontinued his action in the inferior court, and after the time had elapsed, brought a new suit, the analogy between the two cases would have been rather more striking. At present, it is not very obvious.

*Fairfield,*
June, 1830.

Sherman
*v.*
Barnes.

The plaintiff's case, then, cannot be rested on authorities. They are decisive against it ; and, in my judgment, it is equally destitute of foundation on the ground of principle. The language of the statute, I repeat, is exceedingly plain and unambiguous. " No action shall be brought but within," &c. In no sense can the present action be said to be brought within three years after the right of action had accrued. The legislature has said, that in such case, no action shall be brought. The court is required to say, that an action may be brought, *provided* a suit for the same cause of action was brought within the time limited, and discontinued. By what authority, may a court of justice annex such a proviso to the statute ?

The legislature has evidently provided for every case which it was intended to except from the operation of the general principle. Accordingly, in the 8th section of the statute, it is enacted, that " If in any of said suits or actions, judgment be given for the plaintiff, and the same be reversed by error, or a verdict pass for the plaintiff, and upon matter alleged in arrest of judgment, the judgment be given against the plaintiff, that he take nothing by his writ, declaration or bill ; in all such cases, the party plaintiff, his heirs, executors, or administrators, as the case shall require, may commence a new suit or action, at any time within a year after such judgment reversed, or such judgment given against the plaintiff." *Stat.* 311. Now, if the construction contended for by the plaintiff, be correct ; if it were intended, that the statute should not be a bar, excepting where the party had been guilty of neglect, in not prosecuting his claim ; where was the necessity for the provision in question ? In neither of the cases provided for, could any negligence be imputed to the plaintiff. In the one case, he had pursued his claim to judgment, and in the other, had obtained a verdict, which may have been set aside, not through any fault or negligence of his, but by reason of the misconduct of the jury ; and yet this entire section is evidently framed upon the supposition, that even in such case, no new action could be brought, but under the sanction of legislative authority. This single consideration, in my opinion, gives a decisive answer to the construction contended for. It was not the object of the statute to punish a negligent plaintiff. Viewed as a statute of limitations merely, it is a statute of repose ; and its foundations are laid deep in principles of public policy.

It has been urged, that the statute proceeds wholly on the pre-

sumption of payment; and that whatever removes that pre-
sumption, removes the bar : and the case has been compared
to that of a new promise, or an acknowledgment of indebted-
ness.

It might be sufficient to reply, that looking upon the statute
as a statute of limitations merely, the cases are, in no respects,
parallel.    In the latter, it is the act of the defendant that re-
vives the right and restores the remedy.    Here there has been
no act done or acquiesced in, by the defendant, to remove the
bar.    This effect the plaintiff seeks to produce, by his own act.
But the statute is not to be regarded as a statute of limitations
*merely*.    It does not proceed wholly, or chiefly, on the pre-
sumption of payment.    It was the danger of perjury, against
which the legislature intended to guard ; and this it was, which
led to the enactment of the provision in question.    Hence, the
distinction between promises in writing, and promises not re-
duced to writing ; six years being limited in the former case,
and only three, in the latter.    I am the more fully confirmed in
this belief, from the consideration that the clause now in ques-
tion was originally a part of the statute of frauds and perjuries ;
and so continued from the enactment of that statute, in 1771, un-
til the revision in 1821, when, for some reason not very appa-
rent, it was incorporated into the statute of limitations, and em-
bodied in the section, limiting actions of trespass, and actions
for words spoken.

I would not reverse the judgment of the superior court.

The other Judges were of the same opinion.

Judgment affirmed.