NANCY M. DENSMORE *vs.* WILLIAM T. HALL.

Sagadahoc. Opinion November 9, 1912.

*Action. Abatement. Demurrer. Equity. Limitation. Motion. Matter of Form. Sec. 94, Ch. 83, R. S., Ch. 62, Laws 1821. Sec. 17. Ch. 146, revision of 1840. Returnable. Statute. Writ.*

1.   On the 28th of July, 1910, an action was commenced on a promissory note which would otherwise have been barred by the six years limitation on the first day of August, 1910. The writ was made returnable on the fourth Tuesday of December, 1910, of the Supreme Judicial Court for Sagadahoc County, and was entered at said December term, and on the second day of said term the defendant filed a motion to dismiss the action because it was made so returnable, when it should have been made returnable at the August Term of said court, and said action was accordingly dismissed.

2.   A writ, dated July 28, 1910, and made returnable to the Supreme Judicial Court for Sagadahoc County on the fourth Tuesday of December, 1910, when it should have been made returnable to the said court at the August term of said court, 1910, was properly dismissed on motion.

3.   This action declaring upon the same note was commenced by writ dated June 29, 1911, and entered at the August term, 1911. *Held:* "That the action was barred by the Statute of Limitations."

4.   The provisions of Chapter 83, Section 94, of the Revised Statutes, are not applicable to a case like this, when the original writ was made returnable after an intervening term contrary to law.

On exceptions by defendant.   Overruled.

On July 28, 1910, an action was commenced on a promissory note. The writ was duly served on the defendant and made returnable at a term of the Supreme Judicial Court to be held at Bath, in the County of Sagadahoc, on the fourth Tuesday of December, 1910, instead of the intervening term of said court held at said Bath on the third Tuesday of August, 1910. The defendant filed a motion on the second day of said December term to dismiss said action, and in accordance with said motion, the Justice presiding dismissed said action. On June 29, 1911, this action for the same cause was commenced and the writ made returnable to the Supreme Judicial Court to be held at Bath, in Sagadahoc County, on the third Tuesday of August, 1911.

Plea, general issue and by brief statement the Statute of Limitations was pleaded. The presiding Justice ordered a nonsuit and the plaintiff excepted to said order.

The case is stated in the opinion.

*Samuel Titcomb, and Benedict F. Maher,* for plaintiff.

*William T. Hall Jr.,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, CORNISH, KING, HALEY, JJ.

KING, J. On the 28th of July, 1910, an action was commenced on a promissory note which would otherwise have been barred by the six years limitation on the first day of August following. The writ was made returnable at the term of the Supreme Judicial Court for Sagadahoc County to be held on the fourth Tuesday of December, 1910. It should have been returnable at the August term of said court, 1910. It was entered at said December term and on the second day of the term the defendant filed a motion to dismiss the action because it was made so returnable. On the 6th day of the term, which was the second day of January, 1911, the plaintiff demurred to the motion to dismiss, which demurrer on that day was overruled, and the motion to dismiss sustained. Exceptions to that ruling were filed and allowed, and at the June term of the Law Court, 1911, the exceptions were overruled for want of prosecution. This action declaring upon the same note was commenced by writ dated June 29th, 1911, entered at the August term of said court 1911 and continued to the December term 1911, when and where it was heard upon the defendant's plea of the statute of

limitations and a nonsuit ordered. The case is now before the Law Court on exceptions to that ruling.

The plaintiff's answer to the plea of the statute of limitations was, that the action was authorized by Sec. 94, c. 83, R. S., which is as follows: "When a writ fails of sufficient service or return by unavoidable accident, or default, or negligence of the officer to whom it was delivered or directed, or is abated, or the action is otherwise defeated for any matter of form, or by the death of either party; or if a judgment for the plaintiff is reversed on a writ of error, the plaintiff may commence a new action on the same demand within six months after the abatement or determination of the original suit, or reversal of the judgment; and if he dies and the cause of action survives, his executor or administrator may commence such new action within six months."

The original action was properly dismissed under the motion. *McAlpine* v. *Smith,* 68 Maine, 423 is an authority directly in point in which it is held that a writ returnable after an intervening term is voidable, and may be abated or dismissed on motion. The dismissal of the writ under the motion is therefore equivalent to its abatement. The present action was commenced within six months after the dismissal of the original writ,—in fact it was commenced within six months after the ruling at *nisi prius,* which was on January second, 1911.

The real and only question, therefore, to be determined here is, whether the provisions of Sec. 94, c. 83, are applicable to a case like this, where the original writ is abated because returnable after an intervening term contrary to law. We think that question must be answered in the negative.

It is claimed in behalf of the plaintiff that the original action was abated because of a defect in a "matter of form," and hence the saving proviso of the statute applies. It may not be easy to determine whether the fact that the writ was made returnable contrary to law is a defect in form. Defects in form are amendable, but clearly this writ was not amendable at the time it was dismissed. The term to which it should have been made returnable had passed. Its date could not have been changed because that was not erroneous. It is difficult to point out wherein the writ was defective in matters of form. Perhaps it should be regarded as an unlawful writ, rather than one defective for informalities.

But in our view of the case it is not necessary to determine if the infirmity of the original writ on account of which it was dismissed was a defect in a matter of form. We think it was not a "writ" within the meaning of that word as used in the proviso of the statute. The statute of limitations is founded on a presumption that a debt has been paid or otherwise discharged after the lapse of a certain time during which the creditor has made no attempt to enforce it or revive it. But that presumption does not arise if within the time limited the creditor resorted to legal proceedings to recover the debt; and the saving proviso of the statute now under consideration grew out of this obvious consideration. It was predicated on the fact that the creditor had written the time limited in good faith commenced an action on the debt. Not an action, however, so perfect that it might not be abated or defeated for some defect in matter of form, but at least an action adapted to enforce the cause of action. The proviso was to protect a diligent creditor from losing his cause of action on account of the abatement of his timely and appropriate action because of some matter not affecting its merits, but not to afford the means for a designing creditor to use to extend his cause of action in violation of the statutory limitation.

If a creditor can *carelessly* bring an action returnable after one intervening term and be permitted under this proviso to bring another within six months after the first is abated, it is difficult to understand why he may not *purposely* make the first action returnable after any number of intervening terms, and thereby extend his cause of action at his option. It would therefore seem reasonable that the statute was not intended to apply to a case like the one at bar.

But the meaning and application of the provisions of Sec. 94, c. 83, is plainly disclosed by an examination of the statute as originally enacted. Our general statute of limitations, containing the proviso, was passed in 1821, c. 62. After specifying the limitations for various actions it provides, in section 8, as follows: "That any action of the case or of debt grounded upon any lending or contract, or for arrearages of rent which shall be actually declared upon in a proper writ, returnable according to law, purchased therefor, within the term of six years next after the cause of such action

accrued; shall be deemed and taken to be duly commenced and sued within the meaning of this Act."

By Sec. 11 of the same chapter the proviso was enacted in these words: "That any action which shall be actually declared in as aforesaid, and in which the writ purchased therefor, shall fail of a sufficient service or return by any unavoidable accident or by the default, negligence or defect of any officer to whom such writ shall be duly directed, or when such writ shall be abated, or the action thereby commenced shall be avoided by demurrer or otherwise, for informality of proceedings; then or in any such case, the plaintiffs or plaintiff, or his or her executor or administrator, may commence another action upon the same demand and shall thereby save the limitation thereof, anything in this Act notwithstanding:" Then follows the provision as to the time within which the new action could be commenced, etc.

The framers of the original statute regarded the necessity of defining the term "action" as used in the act, and accordingly it was defined in Sec. 8 to be one "declared upon in a proper writ, *return-able according to law*," etc. It is of course manifest that the word "action" as used in Sec. 11 has the same meaning as was ascribed to it in Sec. 8. With reference to the words "a proper writ" the court of Massachusetts, in *Woods and others* v. *Houghton,* 1 Gray, 580, 583, said: "We could not have understood 'a proper writ' to mean a writ that could not be abated or defeated for any matter of form, but must have understood it to mean a writ adapted to the cause of action." That construction seems just and reasonable. But the other part of the definition, "returnable according to law," needs no judicial construction, for there can be no doubt as to its meaning. It is definite and explicit. The proviso as originally enacted therefore was not applicable to an action commenced by a writ not made returnable according to law.

The marginal note to said Sec. 8 is: "What shall be deemed the commencement of a suit." Against a similar marginal note in the revision of 1840 is Sec. 17, of Chap. 148, which reads: "The time, when a writ is actually made, with an intention of service, shall be deemed the commencement of a suit in respect to the limitations of this chapter." This is the revised and condensed statement of Sec. 8 of ch. 62, laws of 1821, for we find no intervening

legislation referring to the matter. Later revisions have still further condensed the expression, and in the statutes of 1903 it reads: "A suit is commenced when the writ is actually made with intention of service." Sec. 98, ch. 83. The change in the phraseology in the re-enactment of a statute occasioned by condensation in a general revision does not change the meaning of the statute unless there is an evident legislative intention to work such change. *Martin* v. *Bryant*, 108 Maine, 253, 256. It was necessary that the word "action" as used in the original statute of limitations should be defined. It was explicitly defined in Sec. 8, ch. 62, L. 1821. There is no reason perceivable why the Legislature should have changed or modified that definition. Further there is no legislative act found whereby it was changed or modified. And still further, there is nothing to indicate that the Legislature ever had any intention to change it. It must therefore be held, we think, that its meaning and effect has not been changed by the condensed phraseology of the subsequent revisions.

It is the opinion of the court therefore that the word "writ" as used in Sec. 94, ch. 83, R. S., means at least, a writ made returnable according to law. Since the writ in the original action dated July 28, 1910, was not made returnable according to law, it was ineffectual to save the cause of action from being barred by limitation.

It follows as the conclusion of the court that the statute of limitations pleaded in this case was properly sustained as a bar to the action, and the nonsuit rightly ordered.

*Exceptions overruled.*