Leo F. Baker, Administrator (Estate of Muriel Baker) *v.* Anna L. Baningoso, Administratrix (Estate of Joseph R. Baningoso)

Maltbie, C. J., Brown, Jennings, Dickenson and Inglis, Js.

Argued January 8—decided February 26, 1948

*John R. Cuneo,* with whom was *Frederick F. Love-joy, Jr.,* for the appellant (plaintiff).

*John Keogh, Jr.,* with whom, on the brief, were *John Keogh* and *George F. McKendry,* for the appellee (defendant).

JENNINGS, J. Plaintiff's and defendant's decedents were both killed in an automobile accident on February 6, 1945. Plaintiff's decedent was a passenger in a car owned by defendant's decedent. The plaintiff brought suit against the defendant by writ dated July 30, 1946. A demurrer to this complaint, as amended May 29, 1947, was sustained on the ground that the action was not brought within one year from the time of the accident causing the death, as provided in General Statutes, Sup. 1945, § 1005h. The decision was correct unless the plaintiff can establish that other controlling statutory provisions save his cause of action.

A summary of the material allegations of the complaint, admitted by the demurrer, is necessary to determine the question. On January 19, 1946, within the year, the plaintiff brought action against the defendant. The defendant pleaded in abatement on technical grounds, but no action was taken on the plea. On May 13, 1946, the plaintiff presented his claim to the defendant as administrator and it was promptly disallowed. On May 15, 1946, the plaintiff brought another action for the same cause which was abated on a plea by the defendant on the ground that there was another action pending. On July 22, 1946, the plaintiff withdrew his first action, and on July 30, 1946, instituted that at bar.

The plaintiff's first claim is that § 1005h is modi-

fied by General Statutes, § 4918, which provides that no suit shall be brought against the administrator of an estate within the time allowed for the presentation of claims unless notice of the total or partial disallowance of the claim shall have been given by the administrator. He argues that the death of the defendant's decedent left the plaintiff without anyone to sue and that § 4918 prevents suit from being brought until the requisite formalities have been fulfilled.

No Connecticut case has been cited or found which passes on this precise question. In *Radezky* v. *Sargent & Co.*, 77 Conn. 110, 58 A. 709, after referring to the legislative history of the statute which is now § 1005h, it is held (p. 113): "The language of the statute is clear and explicit, containing no exception and suggesting no qualification. Neither the failure of the statutory beneficiaries of the liability created, to secure the appointment of an administrator, nor the failure of an administrator to commence an action, affect the time limit fixed by statute." In other words, the time required for the appointment of an administrator does not postpone the beginning of the one-year period. Note, 70 A. L. R. 472. The principle, applied to the facts of the case at bar, confutes the plaintiff's contention. A creditor like the plaintiff may apply for administration. *Wooster* v. *Hunts Lyman Iron Co.*, 38 Conn. 256, 259; Cleaveland, Hewitt & Clark, Probate Law, § 165; see General Statutes, § 4906. In discussing a similar statute, the Massachusetts court held, in a case where both the person injured and the wrongdoer died, that neither event extended the time to sue and said "Apparently the Legislature regarded a year as sufficient time within which to commence an action, even though, by reason of the death of the wrongdoer, the

appointment of an executor or administrator of his estate within that period became necessary. If his widow or next of kin neglected to petition for such appointment, the plaintiff as a creditor was entitled to do so. . . . The possibility that some restriction upon the right to sue may result from the death of a wrongdoer does not warrant a different construction of the statute in the case of a cause of action which is a statutory creation. . . ." *Bickford* v. *Furber,* 271 Mass. 94, 98, 170 N. E. 796; and see *Reading Co.* v. *Koons,* 271 U. S. 58, 62, 46 S. Ct. 405, 70 L. Ed. 835.

Finally, § 1005h is specific in that it gives a right of action which did not exist at common law, and the year fixed within which the action must be commenced is "a limitation of the liability itself as created, and not of the remedy alone." *DeMartino* v. *Siemon,* 90 Conn. 527, 529, 97 A. 765; *Korb* v. *Bridgeport Gas Light Co.,* 91 Conn. 395, 401, 99 A. 1048. Section 4918 is general in terms and prescribes the procedure by which and the times within which claims against the estate of a deceased person may be enforced by suit. "In such a situation we have said that if one of two enactments is special and particular and clearly includes the matter in controversy, whilst the other is general and would, if standing alone, include it also, and if the inclusion of that matter in the general enactment would produce a conflict between it and the special provisions, it must be taken that the latter were designed as an exception to the general provisions." *Wentworth* v. *L. & L. Dining Co.,* 116 Conn. 364, 369, 165 A. 203; *Oles* v. *Furlong,* 134 Conn. 334, 342, 57 A. 2d 405. Section 1005h is not limited or modified by § 4918.

The plaintiff's second claim, also said to be a matter of first impression, is that General Statutes,

§ 6024, modifies § 1005h and in terms or by implication authorizes the complaint under consideration. Section 6024 does modify § 1005h if the circumstances bring the case within its terms. *Korb* v. *Bridgeport Gas Light Co.*, supra. Section 6024 was first passed as Public Acts, 1862, Chap. 14, although it appears in very limited form as early as Statutes, 1821, p. 311. See *Sherman* v. *Barnes*, 8 Conn. 138, 143. It has been amended repeatedly to cover additional situations but its basic provisions have not been changed. See *Johnson* v. *Wheeler*, 108 Conn. 484, 488, 143 A. 898. It is entitled "Accidental failure of suit; when new action is allowable," and the pertinent portion reads as follows: "If any action, commenced within the time limited by law, shall have failed one or more times to be tried on its merits because of insufficient service . . . or the action shall have been otherwise avoided or defeated by the death of a party or for any matter of form" a new action may be commenced within one year. The clause "defeated by the death of a party" cannot avail the plaintiff under the ruling in *Korb* v. *Bridgeport Gas Light Co.*, supra, for the failure of the suit was caused by the neglect of the plaintiff to have an administrator appointed and to present his claim at an earlier date rather than by the death of the defendant's intestate. The addition, by amendment, of the words "shall have failed one or more times to be tried on its merits" did not add any new grounds to those previously specified. *Johnson* v. *Wheeler*, supra. The only other portion claimed by the plaintiff to apply is that granting relief when the failure is due to "any matter of form." The failure in this case was due to the voluntary withdrawal of the original action by the plaintiff.

The first case construing this statute was *John-*

*ston* v. *Sikes,* 56 Conn. 589. It definitely established that the statute was remedial and should be liberally interpreted. As in most of the cases cited on the briefs, however, the difficulty in that case resulted from action by the court rather than by the plaintiff. The statute has not been quoted in full because of its length, but none of the specific grounds of relief listed include action voluntarily taken by the plaintiff. Two are abatement and nonsuit by the court. As the defendant suggests, if the plaintiff can begin over again by voluntary withdrawal, he can keep his case alive indefinitely. See *Densmore* v. *Hall,* 109 Me. 438, 84 A. 983. Voluntary dismissal has been held not to justify relief under similar statutes. *Sherman* v. *Barnes,* supra; *Siegfried* v. *New York, L. E. & W. R. Co.,* 50 Ohio St. 294, 296, 34 N. E. 331; *Buehrer* v. *Provident Mutual Life Ins. Co.,* 123 Ohio St. 264, 272, 175 N. E. 25; *Burke* v. *Unger,* 88 Okla. 226, 228, 212 P. 993; *Robinson* v. *Merchants' & Miners' Transportation Co.,* 16 R. I. 637, 639, 19 A. 113; 37 C. J. 1087, § 536; id., p. 1089, § 542; see *Cumming* v. *Jacobs,* 130 Mass. 419, 421. Even where a plaintiff is confronted with a plea in abatement which he believes to be on good ground, he is not in a position to withdraw the case and proceed under the statute; the defendant may on reflection conclude that it will be better not to press the plea than to open the way for the plaintiff to begin a new action at any time within the year; and it is only a judgment by the court sustaining the plea which affords such a definite termination of the action as justifies proceedings under the statute. *Diamond Rubber Co.* v. *Wernicke,* 166 Mo. App. 128, 129, 148 S. W. 160. The withdrawal of the action cannot by the most liberal construction constitute accidental failure of suit for matter of form. The title of the act may be consid-

ered in determining the legislative intent. *State* v. *Muolo,* 119 Conn. 323, 330, 176 A. 401. In *Clark* v. *Newsome,* 180 Ga. 97, 99, 178 S. E. 386, the strongest case cited by the plaintiff, the statute provided specifically for a voluntary discontinuance by the plaintiff as a ground of relief. The quotation relied on is dictum. The plaintiff in the case at bar withdrew his action voluntarily. The ruling on the demurrer was correct.

There is no error.

In this opinion the other judges concurred.