Theodore R. LaCROIX,
Plaintiff–Appellant,

v.

BOARD OF EDUCATION OF the CITY OF BRIDGEPORT, Defendant–Appellee.

No. 999, Docket 87–9040.

United States Court of Appeals,
Second Circuit.

Argued April 13, 1988.
Decided April 14, 1988.

Daniel E. Livingston, Hartford, Conn. (Stephen E. Meili, Kestell, Pogue & Gould, Hartford, Conn., on the brief), for plaintiff-appellant.

Fredric H. Weisberg, Stamford, Conn. (William H. Narwold, Chase T. Rogers, Cummings & Lockwood, Stamford, Conn., on the brief), for defendant-appellee.

Before VAN GRAAFEILAND, NEWMAN and WINTER, Circuit Judges.

PER CURIAM:

Plaintiff Theodore R. LaCroix appeals from a judgment of the District Court for the District of Connecticut (T.F. Gilroy Daly, Chief Judge) dismissing as untimely his action challenging the termination of his teaching contract by the Bridgeport Board of Education. For the following rea-

sons, we agree with the District Court that LaCroix's action brought pursuant to 42 U.S.C. § 1983 is time-barred.

LaCroix's teaching contract was terminated in 1972. The Board of Education notified LaCroix of its decision first in June 1972 and again in October of that year. In 1974, LaCroix filed a timely suit in Connecticut Superior Court, charging that the Board had violated Connecticut's Teacher Tenure Act, Conn.Gen.Stat. § 10–151(d) (1987), because the Board had failed to afford him notice and a hearing as required by the statute. LaCroix subsequently moved to amend his complaint by adding state and federal due process claims. The Superior Court permitted LaCroix to add the state due process claim, but LaCroix voluntarily withdrew his federal due process claim. After a bench trial, the Superior Court determined that the June termination was unlawful but that the October termination complied with the Tenure Act and state due process. Subsequently, the Supreme Court of Connecticut affirmed the trial court's ruling with respect to the June termination. However, the Court held that it lacked subject matter jurisdiction over the claim regarding the October termination because LaCroix had failed to exhaust administrative remedies following the October notification. *LaCroix v. Board of Education,* 199 Conn. 70, 505 A.2d 1233 (1986). In January 1987, within one year of the Supreme Court's decision, LaCroix filed the present suit under 42 U.S.C. § 1983, charging that his October termination violated his rights to federal due process.

The limitations period for actions brought under 42 U.S.C. § 1983 is governed by the state statute of limitations applicable to personal injury cases. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Whether the relevant Connecticut statute is the three-year provision for intentional torts, Conn.Gen. Stat. § 52–577 (1987), *see DiVerniero v. Murphy,* 635 F.Supp. 1531, 1533–34 (D.Conn.1986), or the two-year provision for other personal injuries, Conn.Gen.Stat. § 52–584 (1987), *see Okure v. Owens,* 816

F.2d 45, 48–49 (2d Cir.1987), *cert. granted,* —— U.S. ——, 108 S.Ct. 1218, 99 L.Ed.2d 419 (1988), LaCroix's section 1983 action brought nearly 15 years after his termination would normally be untimely. However, Connecticut's Accidental Failure of Suit Act, Conn.Gen.Stat. § 52–592(a) (1987), provides that if an action originally commenced within the applicable limitations period is dismissed for specified reasons, including lack of jurisdiction, "the plaintiff, … may commence a new action, … for the same cause within one year after the determination of the original action." LaCroix argues that his section 1983 action is timely because it was brought within one year of the dismissal for want of jurisdiction of his timely state court suit. We disagree.

It is well settled that the Accidental Failure of Suit Act does not extend the limitations period for actions that have been voluntarily withdrawn. *Parrott v. Meacham,* 161 Conn. 573, 290 A.2d 335 (1971); *Baker v. Baningoso,* 134 Conn. 382, 384, 58 A.2d 5, 8 (1948). The reason for this rule is that "if the plaintiff can begin over again by voluntary withdrawal, he can keep his case alive indefinitely." *Baker v. Baningoso, supra,* 134 Conn. at 384, 58 A.2d at 8. LaCroix's present action alleges a violation of federal due process, the very claim he voluntarily withdrew in the Connecticut Superior Court. The Accidental Failure of Suit Act may not be used to revitalize a 15–year–old claim that has not yet been considered on the merits solely because plaintiff chose not to pursue the claim when he had the chance.

LaCroix contends that a voluntary withdrawal precludes application of the Accidental Failure of Suit Act only when the *entire* action is withdrawn as in *Parrott* and *Baningoso.* Where the plaintiff merely withdraws an alternate theory of recovery, LaCroix argues, he may reinstate a claim under that theory if the underlying action was dismissed for one of the grounds specified in the Failure of Suit Act. We do not believe the Connecticut courts would interpret the Act in this way. There is no principled distinction, applicable to the Act, between an entire action that is withdrawn and individual claims that are withdrawn. In both cases, plaintiff's inability to obtain a decision on the merits is due to his own affirmative choice rather than to one of the limited reasons specified in the Failure of Suit Act. Because the Act does not revitalize claims voluntarily forgone, LaCroix's suit is not saved by the Act and remains untimely.

The judgment of the District Court is affirmed.