[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON DEFENDANT'S MOTION TO STRIKE
CT Page 7182
This is an action brought by the plaintiff against the defendant seeking damages for negligent misrepresentation, breach of contract and unfair trade practices. The defendant has filed a motion to strike the plaintiff's complaint on the basis that a previous complaint identical to the complaint in this action was dismissed for failure to substitute the executrix within the time required by Connecticut General Statutes § 52-599 and that the accidental failure of suit statute, Connecticut General Statutes § 52-592, does not permit the reinstitution of this action and on the further basis that two necessary parties to this action have not been named as parties herein.
The following facts are alleged in the plaintiff's complaint. The plaintiff had commenced an action on or about June 15, 1990, AmCap, Inc. v. John M. Spicer, Docket No. 514869, against John M. Spicer, William C. Spicer, III, and Garron Camassar, Trustee. On April 30, 1991, John M. Spicer died. On March 11, 1993, the plaintiff moved to substitute Nancy Spicer, executrix of the estate of John M. Spicer, as a defendant in the action. On May 24, 1993, the court, Teller, J., granted the plaintiff's motion to substitute Nancy Spicer, executrix, as a defendant. On August 13, 1993, Nancy Spicer, executrix, filed a motion to dismiss the action against the estate of John M. Spicer. On October 12, 1993, the court, Hurley, J., granted the motion to dismiss due to the plaintiff's failure to comply with General Statutes § 52-599.[1]
The plaintiff now brings this action against Nancy Spicer, executrix, pursuant to General Statutes § 52-592[2], the accidental failure of suit statute, to revive its earlier, claims which were dismissed and the defendant has moved to strike the plaintiff's complaint in its entirety.
A motion to strike challenges the legal sufficiency of the allegations of a complaint, or any one or more counts thereof, to state a claim upon which relief may be granted. Practice Book § 152(1); Ferryman v. Groton, 212 Conn. 138, 142
CT Page 7183 (1989). The facts in the complaint are to be construed in the light most favorable to the pleader. Bouchard v. People'sBank, 219 Conn. 465, 471 (1991). If the facts provable under the allegations of the pleadings would support a cause of action, the motion to strike must fail. Mingachos v. CBS,Inc., 196 Conn. 91, 109 (1985).
The defendant claims that the plaintiff's complaint must be stricken because it does not fall within the accidental failure of suit statute. Additionally, the defendant argues that the plaintiff's complaint should be stricken because of the absence of certain necessary parties to the suit.
It has been established that the failure to substitute an executor as prescribed by General Statutes § 52-599 is fatal to an action, thus precluding recommencement of the action under General Statutes § 52-592. Walworth v. Hartford Hospital,23 Conn. App. 404, 407 (1990). In Walworth, the court reasoned, at page 409, as follows:
 Here, the plaintiffs waited for over one year before filing the requisite motion to substitute, and did so only when confronted with the defendants' motion to dismiss. We find that this neglect rises to the level noted in Lacasse v. Burns, [214 Conn. 464, 473 (1990)]. Therefore, we conclude that, where "the failure of the suit was caused by the neglect of the plaintiff to have an administrator appointed and to present his claim at an earlier date rather than by the death of the defendant's intestate"; Baker v. Baningoso, 134 Conn. 382, 386, 58 A.2d 5 (1948); a plaintiff may not avail himself to the accidental failure of suit statute.
In the present case, the plaintiff waited for almost two years before filing the motion to substitute the executrix as a defendant. Accordingly, the plaintiff may not avail itself of General Statutes § 52-592 to revive its action and the defendant's motion to strike the plaintiff's complaint is granted.