[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
INTRODUCTION
The complaint in this case (hereinafter "Flynn II") alleges, inter alia, that:
 1. On or about May 23, 1995, the plaintiff sustained personal injuries as the result of an automobile accident which was caused by the negligence of the defendant;
 2. On or about May 22, 1997, the plaintiff commenced an action, Docket No. CV97-025793 (hereinafter "Flynn I"), in this court against the defendant for the injuries which she sustained in that accident;
 3. On or about September 10, 1997, this court dismissed Flynn I because service of the complaint on the defendant, who was a nonresident, was not made in compliance with § 52-62 of the General Statutes;
 4. Flynn II is brought pursuant to § 52-592 of the General Statutes (popularly known as the accidental failure of suit statute).
The defendant has moved for summary judgment on the ground that Flynn II is not one of the types of cases saved by § 52-592. Deciding this motion requires that the court review the file in Flynn I, of which the court hereby takes judicial notice.
The summons in Flynn I sets forth the address of the defendant as:
address unknown, city unknown, New Jersey
 c/o Commissioner of Motor Vehicles 60 State Street, Wethersfield, CT 06109
CT Page 13825
The sheriff's return in Flynn I states that the sheriff:
 . . . left a verified true and attested copy of the within original WRIT, SUMMONS and COMPLAINT, at the office of the COMMISSIONER OF MOTOR VEHICLES whom accepts service for the within named non-resident defendant: LEVI F. CITARELLA at 60 State Street, Wethersfield.
Section 52-62 of the General Statutes provides for service of process on a nonresident defendant in an action arising out of such a defendant's negligent operation of a motor vehicle. Subsection (c) of § 52-62 sets out the mechanics of serving such a nonresident defendant, as follows:
 Process in such a civil action against a nonresident shall be served by the officer to whom the process is directed upon the Commissioner of Motor Vehicles by leaving with or at the office of the commissioner, at least twelve days before the return day of the process, a true and attested copy thereof, and by sending to the defendant or his administrator, executor or other legal representative, by registered or certified mail, postage prepaid, a like, true and attested copy with an endorsement thereon of the service upon the commissioner, addressed to the defendant or representative at his last-known address. The officer serving the process upon the Commissioner of Motor Vehicles shall leave with the commissioner, at the time of service, a fee of five dollars, which fee shall be taxed in favor of the plaintiff in his costs if he prevails in the action. The Commissioner of Motor Vehicles shall keep a record of each such process and the day and hour of service.
(Emphasis added.)
The sheriff's return in Flynn I does not state that copies of the papers served on the Commissioner of Motor Vehicles (hereinafter the "Commissioner") were sent to the defendant, as required by the above underlined portion of § 52-62(c).
DISCUSSION
Flynn I was terminated by the court's ruling on the defendant's motion to dismiss. In that ruling, the court (DiPentima, J.) said of the plaintiff's failure to send to the defendant copies of papers served on the Commissioner, ". . . the plaintiff's failure to comply with the statutory provisions of CT Page 13826 service deprive this court of in personam jurisdiction." Therefore, the issue posed on this motion is whether, when service is attempted pursuant to § 52-62, the failure to send to a nonresident defendant copies of papers served on the Commissioner is one of those defects which will allow a plaintiff to bring a new action pursuant to § 52-592.
The court has found no case directly on point. However, inIsaac v. Mt. Sinai Hospital, 210 Conn. 721, 728 (1989) the Supreme Court observed:
 We have consistently held that our accidental failure of suit statute, General statutes § 52-592, "is remedial and is to be liberally interpreted." Ross Realty Corporation v. Surkis, 163 Conn. 388, 393, 311 A.2d 74 (1972); accord Baker v. Baningoso, 134 Conn. 382, 387, 58 A.2d 5 (1948); Johnston v. Sikes, 56 Conn. 589, 596 (1888) (a very liberal construction is given to savings statute). Id.
Further, in Ruddock v. Burrowes, 243 Conn. 569, 575 (1998), the Supreme Court noted that ". . . in a long line of cases, we have held that § 52-592(a) is remedial in nature and, therefore, warrants a broad construction." (Citations omitted.)
With the Supreme Court's general mandate for a liberal construction of § 52-592 as a backdrop, two Superior Court decisions are helpful to the court. In Pomfret School, Inc. v.Executone Communication, 7 CLT 108 (1992), the court (Aurigemma, J.) held that an action which is dismissed because service was made on the secretary to the defendant corporation's statutory agent for service, rather than on the statutory agent, can be rebrought pursuant to § 52-592.
Even closer to the facts of this case were the facts inO'Connor v. Storm, 14 CONN. L. RPTR. 19 (May 9, 1988). There the court (Nash, J.) held that an action which was dismissed because "service was incorrectly attempted under the motor vehicle service statute . . ." can be brought again, pursuant to § 52-592.
CONCLUSION
Based on the guiding principles of Mt. Sinai Hospital andRuddock, and on the closely analogous facts of Pomfret School andO'Connor, the defendant's motion for summary judgment is denied. CT Page 13827
Levi, J.