[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
The defendant in the above-captioned matter has moved the court to dismiss the case which is a statutory action brought under Section 52-592, General Statutes, also known as the accidental failure of suit statute.
The defendant argues that the provisions of that statute do not apply to the facts of this case for the reason that said statute does not extend the statute of limitations period for actions which have been voluntarily withdrawn. Baker vs. Baningoso, 134 Conn. 382.
This suit was previously brought by the plaintiff. In that action the plaintiff attempted to file a withdrawal of action, the issues having been the subject of an apparent settlement reached by the parties. The withdrawal of action was not accepted by the Clerk's Office because the case had previously been dismissed under the dormancy program on June 18, 1999.
The movant argues that the question of possible withdrawal notwithstanding, the court should grant the motion to dismiss for the reason that the instant action was not commenced within one year of the determination of the original action as required by the statute.
A review of the chronology of events discloses that a dismissal entered in the original action on June 18, 1999 and the writ of summons and complaint in the instant action are dated June 19, 2000. Service on the defendants was not made until July 7, 2000., according to the return of service.
Those being the facts, there is no need for the court to consider the consequences of a withdrawal of action which was tendered but not accepted by the Clerk — specifically whether or not such a case can be deemed to be "withdrawn" for the purposes of Section 52-592, General Statutes.
The court finds that the instant action was not timely commenced within one year of the dismissal of the original action as required by Section52-592, General Statutes and, for that reason, the motion to dismiss is hereby granted.
Joseph W. Doherty, Judge.