[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The plaintiff, Susan Ateek, filed a timely complaint against the defendants, Christopher and Melvin Marietta, alleging motor vehicle negligence stemming from an accident that occurred on July 18, 1997. On November 8, 1999, the defendants moved to dismiss the complaint based on lack of personal jurisdiction and improper service of process. Prior to the court ruling, the plaintiff filed a voluntary withdrawal of the action.
On December 3, 1999, the plaintiff, through counsel, filed the present complaint seeking to revive the complaint voluntarily withdrawn. The plaintiff seeks legal refuge in the savings clause of § 52-592.[1]
The defendants now move for summary judgment on the ground that the present complaint was not brought within the two year statute of limitations set forth in General Statutes § 52-584. In addition, the defendants argue that the savings statute, § 52-592, is not applicable where the plaintiff voluntarily withdrew the previous action.
"Practice Book . . . § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Brackets omitted.) Miles v. Foley, 253 Conn. 381, 385, 752 A.2d 503
(2000).
A plaintiff, who voluntarily withdraws action, may not take advantage of the accidental failure of suit statute to commence new action. Parrottv. Meacham, 161 Conn. 573, 575, 290 A.2d 335 (1971); Baker v. Baningoso,134 Conn. 382, 387, 58 A.2d 5 (1948). The plaintiff in the present case is thus barred from using the savings clause in § 52-584. The plaintiff's "withdrawal . . . cannot by the most liberal construction constitute accidental failure of suit for matter of form, and the circumstances do not bring this case within the saving terms of §52-592. Baker v. Baningoso, 134 Conn. 382, 387, 58 A.2d 5." (Internal quotation marks omitted.) Parrott v. Meacham, supra, 161 Conn. 575.
The present action, filed twenty-nine months after the accident occurred, was not commenced within the two year statute of limitations period for negligence actions. Accordingly, the defendants' motion for summary judgment is granted. CT Page 7892
Holden, J.